JOHN M. HIGDON *v.* ELIZABETH HIGDON ET AL.

1. RESULTING TRUST. *Advancement. Presumption. Evidence to rebut.*
   A purchase of land by one who pays the price and has the title made to another, for whom he is under a legal or moral obligation to provide or towards whom he has placed himself *in loco parentis*, is presumed to be a settlement and not a trust for the purchaser, but such presumption may be rebutted by evidence.
2. SAME. *Presumption of advancement. Subsequent acts.*
   A trust does not result, in favor of a brother who purchases a homestead for his sisters to whom he stands *in loco parentis*, and takes the title to the eldest and his aunt, although they subsequently permit him, owing to reverses of fortune, to live and build there, and the aunt reconveys to him her moiety.

APPEAL from the Chancery Court of Marshall County.
Hon. A. B. FLY, Chancellor.

The appellant, who resided in Tennessee, and was there engaged in business, purchased at a sheriff's sale, for his unmarried aunt and sisters, the homestead where the latter had resided from infancy. Their parents were dead, and their aunt lived

with them.   To him, as their only brother, the sisters looked for protection and support, which he was accustomed to provide as under a moral obligation, and standing towards them *in loco parentis*.   He paid for the land, and had the title made in the names of his aunt and his eldest sister.   Years afterwards, his buildings in Tennessee were destroyed by a storm ; and, after an unsuccessful attempt to resume business, he settled on this land and was kindly received by his surviving sisters.   The eldest died, leaving the appellant and the younger sisters her sole heirs.   After his aunt had conveyed to him by deed with full covenants, for an expressed valuable consideration, her undivided interest, he built a new house for his wife and family on another part of the land.   This bill, brought to establish a resulting trust in the moiety of his eldest sister, alleges that the title was made to her and his aunt merely through a fancy.   His sisters defend on the ground that it was an advancement, by one standing *in loco parentis*, to secure them a home.

*Watson & Smith*, for the appellant.

In the purchase of land, where the title is conveyed to one person, while another pays the consideration, a resulting trust arises if the parties are strangers.   1 Perry on Trusts, § 126 ; Hill on Trustees, 146 ; 2 Sugden on Vendors, 431.   The presumption of an advancement from a brother to his sisters does not exist, unless he stands *in loco parentis;* and even then it may be rebutted by evidence manifesting an intention on his part that the nominal purchaser shall hold as trustee.   2 Sugden on Vendors, 442, note *g* ; Hill on Trustees, 160, 165.   The doctrine of resulting trusts is applicable to this case, *Capers* v. *McCaa*, 41 Miss. 479; *Wilson* v. *Beauchamp*, 44 Miss. 556 ; and the facts show the appellant's intention that the homestead should belong to him.   At most his purpose is doubtful, and the burden of proving intention is on those who claim the advancement.   Hill on Trustees, 156, 157.

*Stith & Stith*, for the appellees.

Presumption of a resulting trust is rebutted, and that of an advancement raised by taking title to one for whom the purchaser is under moral or legal obligation to provide.   1 Perry on Trusts, §§ 143, 144, 147; Lewin on Trusts, 227, 228;

*Weare* v. *Linnell*, 29 Mich. 224; *Fowkes* v. *Pascoe*, 32 L. T. N. S. 545; *Murless* v. *Franklin*, 1 Swanst. 13. The same rule holds as to one to whom he has placed himself *in loco parentis*. Hill on Trustees, 97; *Dyer* v. *Dyer*, 2 Cox, 92; *Ebrand* v. *Dancer*, 2 Ch. Cas. 26; *Loyd* v. *Read*, 1 P. Wms. 607; *Benbow* v. *Townsend*, 1 M. & K. 506. It is a question of intention. *Maddison* v. *Andrew*, 1 Ves. 58; *Capers* v. *McCaa*, 41 Miss. 479. The trust results *eo instanti*, if at all. Lewin on Trusts, 221; *Gee* v. *Gee*, 32 Miss. 190. The purchaser's subsequent acts or declarations are inadmissible. Hill on Trustees, 105; *Finch* v. *Finch*, 15 Ves. 43. After the nominal purchaser's death, parol evidence is said to be inadmissible to establish the trust. Saunders on Uses, 259; Roberts on the Statute of Frauds, 99; Hill on Trustees, 92; *Clark* v. *Danvers*, 1 Ch. Cas. 310. A trust may be proved as to part, and rebutted as to the remainder. *Lane* v. *Dighton*, Ambler, 409; *Mahorner* v. *Harrison*, 13 S. & M. 53. The evidence to establish it must be clear and explicit. *Carey* v. *Callan*, 6 B. Mon. 44. The presumption is in favor of the legal title, and cannot be overthrown by weak or contradictory evidence. *Murless* v. *Franklin*, 1 Swanst. 13; *Grey* v. *Grey*, 2 Swanst. 594; Hill on Trustees, 97.

CAMPBELL, J., delivered the opinion of the court.

If the purchaser of land pays the price and has the title conveyed to another, for whom he is under a legal or moral obligation to provide, or towards whom he has placed himself *in loco parentis*, the purchase will be presumed to be a settlement, and not a trust for the purchaser. This presumption may be rebutted by evidence, but it cannot be affirmed that the Chancellor decided erroneously in holding in this case that the legal presumption attending the purchase by the complainant was not rebutted.      *Decree affirmed.*