# Long *v*. Mechem.

### *Bill to remove Cloud from Title.*

1. *Resulting trust in lands; law creates in favor of party paying purchase money, but taking conveyance in name of another; agreement between the grantee and the purchaser to that effect need not be in writing.*—If the purchaser of lands, paying the purchase money, takes the conveyance in the name of another, a trust in the lands results by construction to him from whom the purchase money moves, and the fact that there was a parol agreement between these two parties recognizing said resulting trust does not take the transaction out of the category of resulting trusts.

2. *Same; same; Section 1041 of Code.*—Those trusts in lands which result by implication or construction of law, such as a trust

[Long v. Mechem.]

resulting to the purchaser of lands who takes the title in the name of another, are not required by Section 1041 of the Code to be in writing.

3. *Bill to quiet title; inconsistency in averments of same.*—A bill to quiet title, which alleges that the complainant has title and is in possession, and that the defendant has no right, title, estate or interest in the land and prays that defendant show what claim or title he has, and that the court quiet complainant's title and decree that defendant has no title, and which also alleges that the legal title is in defendant, but that the defendant holds it in trust for complainant, and containing no appropriate prayer for the enforcement of said trust, is inconsistent, and subject to demurrer.

4. *Powers of attorney; reference to same in complaint by book and page thereof, insufficient.*—Where certain powers of attorney are essential to a complaint, the complaint should contain the substance of same with sufficient definiteness to have informed the defendant what they contained, and a complaint which merely contains a citation of the date of such powers of attorney, the book wherein they are recorded and page thereof, is subject to demurrer.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

This was a bill filed in the Chancery Court of Mobile by appellee, C. C. Mechem, against the appellant J. T. Long and one McKenzie to remove a cloud upon title. McKenzie filed a disclaimer. The original bill in the case, as amended is as follows: "Your orator, C. C. Mechem, being over twenty-one years of age, brings this his bill of complaint against J. T. Long and W. E. McKenzie, both of whom are residing at Kansas City, Missouri. First. Your orator shows unto your honor that he is peaceable possession of and claims to own and does own the following described land, situated in the county of Mobile, State of Alabama, to-wit: The North west quarter of Section 19, T. 1, S. R. 2, W.; except six acres of aforesaid quarter section bounded as follows; on southwest by Mobile & Ohio right of way; on the north by the north section line; and on the east by a line twenty-five feet east of and parallel with Bickford's fence— said six acres being in shape of a triangle. Your orator

further shows, alleges and charges that J. T. Long and
W. E. McKenzie, deny or dispute the title of ora-
tor to the land above described or to some portion
thereof, and claim, or are reputed to claim and own said
above described land or some portion thereof, or some
right, title or interest therein, or are reputed to claim
or hold some lien or incumbrance on said land.   Third.
Your orator further alleges that no suit is pending to
test or enforce the validity of said title, claim or incum-
brance of the said J. T. Long and W. E. McKenzie.
Fourth.   Your orator calls on each of said claimants
above named, or described, to set forth and specify his
title, claim, interest or incumbrance, and how and by
what instrument, or instruments, the same is derived and
created.   Fifth.   Your orator alleges that both of the
above named defendants are over twenty-one years old
and are non-residents of Alabama, residing at the place
named in the introductory part of this bill just before
paragraph one.   Sixth.   Your orator further shows that
he derives his title to said property in the following man-
ner:   The former owner of said land, M. S. Bickford,
together with his wife, C. S. Bickford, on Feb, 27, 1896,
entered into a contract with orator to convey said land
to orator.   This contract was executed on March 13,
1896, by orator paying out of his own money to said Bick-
ford the consideration agreed upon and specified in said
contract and by Bickford's executing, according to ora-
tor's instructions, a deed to said land to one Perry Dun-
can who did not contribute any thing toward said pur-
chase money.   It had been agreed between orator and
Duncan that orator was to buy and pay for the lands
with his own money, but take the title in the name of
Perry Duncan, who was for the convenience of orator to
hold the title to said lands for the benefit of orator
and as a mere respository of said title; that said Dun-
can would execute deeds to such persons as orator should
sell lands to, whenever called on by orator to do so, that
in order to facilitate the sales of such lands as orator
should take in the name of said Duncan, orator had said
Duncan to execute the powers of attorney dated and re-
corded as follows (Here follow dates of powers of at-

torney and books wherein they are recorded) Orator
further alleges that the legal title to the land purchased
from said Bickford was taken in the name of said Duncan
under aforesaid arrangement and that said Duncan had
no interest whatever in said lands but held the title to
the same for the benefit of orator under aforesaid agree-
ment. Seventh. Your orator further shows that on
Sept. 16, 1903, said Perry Duncan conveyed by quit
claim deed said land to one W. E. McKenzie, as per deed
of record in deed Book, 105, N. S. p. 432 of Mobile
County Records, and that on Sept. 16, 1903, the same day
said McKenzie conveyed by quit claim deed the same
land to one J. T. Long, as per deed recorded in said deed
book 105, N. S., p. 431 of Mobile County Records." The
bill then contains the usual prayers, in such cases, for
process and, as stated in opinion, for relief. To this
amended bill, defendant Long filed the following grounds
of demurrer: 1. Said amended bill is inconsistent with
itself and ambiguous in that the original bill avers that
the complainant Mechem owns the land therein de-
scribed, while the amendment shows that he does not.
Second. Because the original bill shows that the com-
plainant owns the lands therein described, while the
amendment shows that Perry Duncan or his grantees
own the legal title, and that Mechem does not. wherefore
said bill is ambiguous and inconsistent with itself. 3.
Because the amended bill shows that Perry Duncan be-
came the owner of the property therein described, and
that no valid trust or agreement constituting a trust
was made by which "said Duncan had no interest what-
ever in said lands, but held the title to the same for the
benefit of orator. Fourth. Because the amended bill
is incomplete in essential particulars, in that it shows
the existence of certain powers of attorney claimed to be
material to the case made by the bill, but does not allege
the substance thereof or set them out so that the court
may be informed thereof. This Court should not be
forced to hunt up the records in another office to ascer-
tain the materiality and effect of said powers of attorney.
Fifth. Because said agreement alleged to have been had

between complainant and said Duncan is not shown to be in writing and is therefore void under the laws of the State of Alabama. Sixth. Because construing the bill as amended most strongly against the pleader, said agreement between complainant and said Duncan was not in writing and was therefore void under the laws of Alabama. Seventh. Because the bill as amended does not allege any fraud or deceit existing at the time said title was vested in Duncan. Eighth. Because said amended bill alleges no facts showing a resulting trust enforceable in equity. Ninth. Because said amended bill shows that complainant caused the title of record to be placed in said Perry Duncan and thereafter procured and recorded certain powers of attorney by said Duncan as principal and apparent owner, and complain ant as agent, and then thereafter this defendant purchased by means of conveyance from Perry Duncan, and does not show any facts charging the plaintiff with notice of any infirmity in said Duncan's title. Because of these actual representations of Duncan's ownership made by complainant, no notice, constructive or otherwise, is chargeable against this defendant. Tenth. Because the bill as amended states facts showing that complainant is estopped to deny the title of Perry Duncan and his grantees." The defendant also filed the following plea "Said Perry Duncan made no agreement in writing with the complainant such as is set up in the bill of complaint, nor was any such agreement made for said Duncan by any person duly authorized thereto in writing. Nor did he make or authorize any person for him or in his name to make any such agreement as is set up in said bill of complaint in reference to the alleged description in said bill, and this defendant avers that said alleged agreement in reference to said land is void under the statutes of Alabama, and cannot be enforced against said Perry Duncan or his grantees." The court rendered an interlocutory decree, overruling each ground of said demurrer and overruling the plea set forth above. From this interlocutory decree, defendant appeals, and assigns the action of the court in overruling said plea and in overruling said demurrer, and each

ground thereof, as error; the first assignment of error being the overruling of the plea; the second assignment, the overruling of the entire demurrer; the third, the overruling of the 1st ground; fourth, of the 2nd ground; 5th, of the 3rd ground; 6th, of the 4th ground; 7th, of the 5th ground; 8th, of the 6th ground; 9th, of the 7th ground; 10th, of the 8th ground; 11th, of the 9th ground; and the 12th assignment of error being the over-ruling of the 10th ground of the demurrer to the amended complaint.

FITTS & STOUTZ, for appellant.—There was a clear cut attempt to establish an express trust. Section 1041 requires that such trusts be in writing. Section 1041 nullifies all express trusts not in writing. An implied or constructive trust is one not created by the parties at all, but created by the conscience of the equity court.— *Potter v. Clapp,* 96 Am. St. Rep. 323-8; *Brock v. Brock,* 90 Ala. 86.

The amended bill is inconsistent with itself in that it shows that Mechem is the owner of the land, and, also, it shows that the defendant, through mesne conveyance from Duncan, owns the property, but sets up, or attempts to set up, a trust, under which complainant claims to be beneficiary. A trustee may pass, by conveyance, the legal title, whether according to the trust or in violation thereof. *Amberson v. Johnson,* 29 So. Rep. 176 (Ala.); *Huckabee v. Billingsly,* 16 Ala. 414; *McBrayer v. Cariker,* 64 Ala. 55.

The Statute of Frauds applies.—*Bolling v. Munchus,* 65 Ala. 561; *Bailey v. Irwin,* 72 Ala. 505; *Strouss v. Elting,* 110 Ala. 139; *Loveless v. Hutchinson,* 106 Ala. 417, 424; *Patton v. Beecher,* 62 Ala. 587; *Lehman v. Lewis,* 62 Ala. 129.

If the allegation concerning the powers of attorney is essential, the allegation should be made in such form that the court should be able to judge of the effect of the powers of attorney from a reading of the bill. The court is under no obligation to seek these matters elsewhere. The bill as thus framed is incomplete.

[Long v. Mechem.]

ERVIN & MCALEER, and J. RALSTON BURGETT, .JR., *contra.*—The bill alleges that complainant owns the land; that the legal title is in respondent who holds it in trust for complainant; in equity, the *cestui que trust* is considered the owner. The trusts of lands results by construction to him from whom the purchase money moves.—*Lehman v. Morris,* 62 Ala. 131; *Tillman v. Murrell,* 120 Ala. 244.

Code, Sec. 1041 expressly "excepts such trusts as result by construction of law." So such a trust as is alleged in the bill is not required to be evidenced by writing. The bill should state the facts, not the evidence necessary to establish them.  ·

SIMPSON, J.—This is an appeal from an interlocutory decree, overruling demurrers and a plea. The original bill was filed, to remove a cloud from the title of complainant, and was afterwards amended by adding a section, setting up a resulting trust, but making no additional prayer.

The first assignment of error is based on the overruling of the plea, the substance of the plea being that the trust set up in the amended bill was not in writing and consequently void under section 1041 of the Code of Alabama, (1896).  ·

The allegations of the amended bill show that the land, in question, was bought and paid for by the complainant, and the title taken in the name of one Duncan, under an agreement that Duncan was to hold the legal title for complainant, and to convey the land, whenever desired under complainant's direction.

The contention of the respondent is that the fact that there was a parol agreement in regard to said trust takes it out of the category of resulting trusts, and it is therefore void.

If the complainant had a resulting trust in the lands, from having paid the purchase money, and placed the title in the name of another, the mere fact that the party, in whom the legal title was vested recognized, by parol, the obligation to hold the land in trust, certainly could not destroy the resulting trust held by the complainant,

[Long v. Mechem.]

by operation of law. In addition to this, the section of the Code provides that no trust in lands, not in writing is valid *"except such as result by implication or construction of law, or which may be* transferred or distinguished by operation of law."

The inevitable result from the grammatical construction of the sentence is that, this class of trusts is excepted entirely from the operation of the section, and parol declarations of the parties regarding the same are admissible.

The distinction between this case and such cases as *Patton v. Beedher, et al.* 62 Ala. 579, and *Brock v. Brock,* 90 Ala. 86, is that these cases correctly hold that the *"mere* verbal promise, by the grantee of a deed for lands, absolute on its face" will not take it out of the requirements of the statute, while this case comes under another principle of law, equally well established, and recognized in the exception contained in the statute under consideration, to wit; that "if the purchaser of lands, paying the purchase money, takes the conveyance in the name of another, the trust of the lands results, by construction to him from whom the purchase money moves."—*Lehman, et al v. Lewis,* 62 Ala. 129, 131; *Tillman v. Murrell, et al.,* 120 Ala. 239.

It is true that in the last named case, as counsel for appellant say, the lands had been conveyed in accordance with the parol agreement, but the case was decided distinctly on the principle that Murrell held the legal title in trust for the party who paid the money for it, "not by virtue of the parol agreement, but because of their having paid the consideration."

There was no error in the decree of the court as to said plea.

The second assignment of error is included in the others. The third and fourth assignments of error, referring to the overruling of the first and second grounds of demurrer, raise the point that the bill, as amended is inconsistent with itself. These assignments are sustained.

The bill as originally filed, is a bill to quiet title, under

[Long v. Mechem.]

the statute. Alleging that complainant has title and is in possession, that Long and McKenzie (who claim under quit claims from Duncan), have no right, title, estate or interest in the land, and prays that they be required to show what claim or title they have, and that the court will settle, quiet and establish complainant's title to said land, and decree that Long and McKenzie have no title, etc. While the amendment alleges that the legal title is in Long and McKenzie, but that they hold it, in trust for him, and the bill contains no appropriate prayer for the enforcement of said trust. The complainant should have amended his bill so as to rely on either one or the other of the theories stated, and his bill should be amended so as to pray for the appropriate relief.

Referring to the sixth assignment of error: The complainant should have stated the substance of the powers of attorney with sufficient definiteness to have informed the defendant what they contained, in order that they might have been able to judge whether to admit or deny the allegation. Therefore, the 4th ground of demurrer was well taken, and should have been sustained.

The 5th, 7th, 8th, 9th and 10th assignments of error raise the same points heretofore discussed under the 1st assignment.

The 11th and 12th assignments of error cannot be sustained because; 1st, the powers of attorney referred to are not set out, or their substance given, so that the court cannot determine what their force and effect might have been; and 2nd, the matters alleged in the demurrers relate rather to the probative force of said powers of attorney than to the sufficiency of the pleading in which they are mentioned, and under a previous assignment we have held said pleading insufficient.

The decree of the court is reversed and the cause remanded.

McClellan, C. J., Tyson and Anderson, J.J., concurring.