# Beadle et al. v. Seat.

*Bill in Equity to establish a Trust in Lands.*

1. *Trust in lands; statute of limitation; stale demand.*—Where, in a bill filed to establish a trust in agricultural lands, it is averred that the respondent, who was one of the joint owners did not recognize

[Beadle *et al.* v. Seat.]

complainants' rights in the lands, and failed to pay over to complainants his portion of the rents accruing therefrom, appropriating them to his own use, if the other facts averred bring the first act of the appropriation of the rents by such respondent within ten years before the institution of the suit, the cause of action is not barred by the statute of limitation of ten years; and the bill is not demurrable as showing on its face that complainants' claim is a stale demand, although the contract between the parties was made more than ten years before the bill was filed.

2.   *Bill to establish trust in lands; statute of fraud.*—In a suit in equity to establish a trust in lands, the defense that the contract is within the statute of frauds, to be available must be pleaded, unless the bill of complaint shows on its face that said contract was in parol; in the absence of such showing the question of the statute of frauds can not be raised by demurrer.

3.   *Trust in lands; when statute of frauds not applicable.*—Where land is purchased by several persons, each paying a definite part of the purchase money, and the title is conveyed to only one of them, a resulting trust is created by operation of law, the original contract between them is not within the influence of the statute of frauds; the statute of frauds extends to and embraces only trusts created or declared by the parties, and does not affect trusts arising by operation of law.

4.   *Bill to establish trust in lands; when averments sufficient.*—Where, in a bill to establish a trust in lands, it is averred that the respondent never disclaimed complainants' right to share in the rents accruing from said lands until 12 or 18 months before the suit was instituted, but had, up to that time, constantly recognized complainants' rights in the premises, such bill is not demurrable on the ground that it fails to show a recognition by respondent of complainants' rights in the land, since said averments, if true, show a clear admission by the respondent that complainant was part owner of the land.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this cause was filed by the appellee, James E. Seat, against the appellants, Joshua H. Beadle and others, to establish a resulting trust in certain lands. The facts of the case are sufficiently stated in the opinion. The appeal is prosecuted from the decree of the chancellor overruling the respondent's demurrer, and such decree is here assigned as error.

HUMES, SHEFFEY & SPEAKE, for appellants, cited *Patton v. Beecher*, 62 Ala. 579; *Nettles v. Nettles*, 67 Ala. 601; *Scruggs v. Decatur M. L. Co.*, 86 Ala. 173; *James v. James*,

55 Ala. 525 ; *Hume v. Beale*, 17 Wall. 336 ; 2 Story's Eq. Jur., §§ 1884 a, 1520a.

LAWRENCE COOPER, *contra*, cited 3 Brick. Dig., 783, § 26; *Nettles v. Nettles*, 67 Ala. 599 ; *Wilson v. Holt*, 91 Ala. 204.

PER CURIAM.—A tract of land of some 228 acres was sold under order of the probate court of Madison county, and was bid off in the name of Joshua H. Beadle, at the price of $800. In December, 1874, the purchase money being reported paid, the court ordered title to be made, and it was made accordingly. Of the $800 purchase money, Beadle paid $400, Seat paid $179, and one James Johnson paid the balance, $221. These are the averments of the bill filed in this case. The bill is by Seat, filed against Beadle and the heirs at law of Johnson. Its purpose is to establish a resulting trust in the land, to the extent Seat's money entered into the purchase. The bill and amended bill charge, in substance, that the lands were let to rent, and that during Johnson's lifetime the rent money was divided among the three purchasers, Beadle, Johnson and Seat, in the proportion of their several payments of purchase money ; that Johnson died June 27, 1882, and that since that time Beadle has received all the rent money, but has refused and failed to pay any part thereof to Seat, or to Johnson's estate. In the original bill is this averment : "The said Joshua H. Beadle has continuously since (the death of Johnson) so recognized the rights of your orator and the estate of the said James Johnson, until within the last few months. The said Joshua H. Beadle now disclaims any right or title that your orator has in and to said land, alleging that he is liable as your orator's surety on an administrator's bond, in a sum equal to your orator's interest in said land." In an amendment to the bill the following language is employed : "Since the death of said James Johnson said Beadle has taken charge of said land, and collected the rents thereof. He has paid to your orator nothing, but has constantly recognized your orator's rights in the premises, until within the last twelve or eighteen months, by promises of payment and settlement. Said Beadle never disclaimed your orator's rights to said rents until twelve or eighteen months

ago, and then only upon the statement that he was liable as surety for your orator, as hereinbefore set forth. On the contrary, said Beadle directed your orator to find a purchaser for said land, and promised and offered to make a deed of conveyance to the purchaser, and divide the proceeds between the estate of said Johnson, himself and your orator ; but, for some reason unknown to your orator, he now disclaims that your orator has any interest in said land." We state the grounds of demurrer assigned, to which we intend to make special reference in this opinion. 2. Said cause of action is barred by the statute of limitations of ten years. 3. The bill on its face shows that complainant's claim is a stale demand. 4. The bill fails to show how, or in what way the defendant Beadle recognized the claim of complainant to said land. 5. The bill in this cause fails to allege, or make any legal excuse for not bringing this action in a reasonable time from the date of the alleged appropriation of the entire rents of said place by said J. H. Beadle. 7. Said bill fails to show that there was any written agreement or understanding that complainant had any interest in said land, or that said Beadle held the title thereto for the complainant's benefit, as well as his own. 8. Said bill fails to allege any facts which show that said Beadle recognized complainant's right. The allegations of complainant's bill are conclusions of law, and not statements of facts from which conclusions may be drawn. To amended bill : 9. Said bill, as amended, fails to allege any facts which show a recognition by said Beadle of complainant's alleged rights. The chancellor overruled the demurrer, and each ground thereof, and from that decretal order the present appeal is prosecuted.

The original bill in this case was filed August 30, 1892, ten years and about two months after June 27, 1882, when it is alleged Mr. Johnson died. It should be stated that the bill charges that Mr. Johnson, throughout his lifetime, collected the rents, and distributed them between Beadle, Seat and himself, in the proportion that they had severally contributed to the payment of the purchase money.

There is nothing in the record to show to what uses the lands in controversy were applied, or were susceptible of application. If they were agricultural lands, we feel safe in affirming, from common knowledge, that

rents for any given year would not be expected to be realized until after August 30. Johnson having accounted, as the bill avers, for the rents which accrued during his lifetime, this will include the rents for the year 1881; for his death occured in June, 1882. It follows that the first rent Mr. Beadle is charged with appropriating was the rent for the year 1882, which we can not presume, or suppose, came to his hands until after August of that year. This brings this first act of appropriation of the rents by Beadle within ten years of the institution of this suit. This is an answer to the 2d and 3d grounds of demurrer assigned.

We will next consider the 7th ground of demurrer. That ground erroneously assumes it was the duty of the complainant to aver that the contract or agreement he seeks to claim the benefit of was in writing, signed, &c. Contracts falling within the statute of frauds are not necessarily void. They are, generally, voidable only. If this defense be sought to be availed of, it must be pleaded, unless the bill of complaint shows on its face that the agreement is oral. In the absence of such showing, demurrer will not raise the question.—2 Brick. Dig. 30, § 221; *Gafford v. Stearns*, 51 Ala. 434; 8 Amer. & Eng. Encyc. of Law, 745. It is proper to add that to the case made by the bill, in no event, is the statute of frauds applicable. The equity asserted is a trust resulting by operation of law, because of the payment by the complainant of a definite part of the purchase money of the land, the conveyance being taken in the name of the defendant.—1 Perry on Trusts, § 132. The statute of frauds extends to and embraces only trusts created or declared by the parties, and does not affect trusts arising by operation of law.—1 Perry on Trusts, § 137.

The remaining grounds—4th, 5th, 8th, and 9th—we will consider together. The bill charges expressly that until twelve or eighteen months before it was filed, Beadle never disclaimed complainant's right to share in the rents; and "then only upon the statement that he [Beadle] was liable as surety" for complainant on an administration bond. It charges also that he, Beadle, has constantly recognized complainant's rights in the premises, and directed him to find a purchaser for the land, and offered to sell and convey, and divide the proceeds between the three—Beadle, Seat and the heirs of Johnson. If these

averments are true, they were a clear admission by Beadle that Seat was part-owner of the land.

The decretal order of the chancellor must be affirmed.

The foregoing opinion was prepared by the late Chief Justice, and is adopted as the opinion of the court.