# Shortridge, *et al. v.* Southern Mineral Land Co.

## *Bill to Quiet Title, Etc.*

(Decided May 14, 1914.　65 South. 354.)

1. *Vendor and Purchaser; Contract; Construction and Operation; Equitable Title.*—A written instrument based on a valuable consideration for the sale of all the interest that the vendor had in certain land which had been entered by another with funds of the vendor, reciting that suit had been started by the vendor to obtain title, which, when obtained, he agreed to convey to the purchaser, conveyed a perfect equity in such land as between vendor and purchaser.

2. *Quieting Title; Relief; Laches.*—Where complainant had a perfect equity in the land as between itself and the respondent under the agreement here set out, the doctrine of laches has no application to a bill to quiet title, as there was no obligation on complainant to file the bill until the respondents asserted their legal title in an action at law.

3. *Same; Costs.*—Where all the respondents but one disclaimed any interest in or claim upon the land, title to which was sought to be quieted and the evidence disclosed that they had parted with their interest before the filing of the bill, the costs should have been decreed only as against the remaining respondent.

4. *Appeal and Error; Assignment; Joint Assignment.*—The general rule is that assignments of error made jointly by all the respondents as to matters prejudicial to some of them only will not be regarded.

APPEAL from Bibb Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by the Southern Mineral Land Company against W. W. Shortridge and others to quiet title to land, and to divest the title out of respondents and vest it in complainant. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The bill avers that on June 13, 1858, one George D. Shortridge executed and delivered to the Shelby Coal Company an instrument in writing, a copy of which is hereto attached, marked Exhibit A, and is as follows:

"State of Alabama, Dallas County.　Know all men by these presents, that I, George D. Shortridge, for and

in consideration of the sum of $70, the receipt of which I hereby acknowledge, have sold to the Shelby Coal Company all the right and title which is vested in me to a certain tract or tracts of land lying in Bibb county, in the state aforesaid, known as the Spivey land, containing 240 acres, more or less; said land having been entered at the Tuscaloosa land office by one Beverly Spivey some time in the winter or spring of 1856, under the graduation law, with funds advanced by me. Said Spivey having absconded without having given me a deed for the same according to the contract, I have filed a bill in chancery in the chancery court of Bibb county to compel him to do so. Now, in the event that the decree is rendered in my favor, or in the event I am able to obtain title in any other way, I hereby obligate myself to make such title as I may then have to the Shelby Coal Company; they having paid me the sum aforesaid as a consideration therefor. Witness my hand and seal this the 30th day of June, 1858. [Signed] George D. Shortridge."

The bond was filed in the office of the judge of probate of Bibb county July 19, 1902, and recorded on the same day. The bill alleges that on January 28, 1856, Beverly Spivey did enter and purchase from the United States government a certain tract of land in Bibb county, Ala., described as follows: W. ½, N. E. ¼, E. ½, N. W. ¼, and W. ½ of S. E. ¼, all in section 3, township 24, range 11 E., and that the above land is all the land which was ever entered or purchased from the United States government by Beverly Spivey. It is then alleged that search has been made, and no record can be found in the Bibb chancery court having reference to any suit by George D. Shortridge against Beverly Spivey, and that, so far as orator is able to ascertain, no deed or other conveyance has ever been executed by

Beverly Spivey to George Shortridge, or any one claiming under him. It is then averred that George D. Shortridge is dead, and that the respondents named are all of the heirs at law of the said George D. Shortridge. It is then averred that orator has title by mesne conveyances from the Shelby Coal Company by virtue of the above-mentioned instrument to lands described. Then follows the usual allegation as to possession, etc., and asserted claim of title by respondent. The respondents answered, setting up that they had conveyed to G. Rotholz all of their interest in the lands mentioned in said bill, and that they now have no right, title, or interest in or incumbrance upon the same. Rotholz was then made a party to the bill and filed the demurrers and also answers to the bill.

HALEY & HALEY and T. M. BRADLEY, JR., for appelland. No brief reached the Reporter.

THETFORD, BLAKEY & STRASSBURGER, for appellee. Under the assignment of error each ground of demurrer must be good in order to work a reversal.—*Aetna L. I. Co. v. Lasseter*, 153 Ala. 630. It must appear that all the parties who joined in the assignment of error have been injured thereby, or the assignment cannot be held to be good.—*Kimbrell v. Rodgers*, 90 Ala. 339; *Gilley v. Denman*, 64 South. 97.

DE GRAFFENRIED, J.—The instrument, a copy of which is attached to the original bill, and which bears date June 30, 1858 (and which the reporter will set out), conveyed, between the Shelby Iron Company and George D. Shortridge, a perfect equity in the lands referred to in the instrument, and which lands are described by government numbers in the bill. This instrument

recites that the grantee had paid the grantor in full for the land, and, while it did not convey the legal title to the land, it did convey, as between the grantor and the grantee, a perfect equity in said lands to the grantee. The instrument shows that the grantee had performed his every duty to the grantor, and that nothing was left to be done by either party, except for the grantor to perfect his title to the property and then, without further or other consideration, convey the legal title to the grantee. This situation clearly differentiates this case from, and takes it out of the operation of the rules laid down in the cases of, *Young v. Lathem,* 132 Ala. 341, 31 South. 448, *Smith v. Gordon,* 136 Ala. 495, 34 South. 838, *Bradley v. Bell,* 142 Ala. 383, 38 South. 759, and *Lady Ensley C. I. & R. R. Co. v. Gordon,* 155 Ala. 528, 46 South. 938, and which cases are referred to by counsel for appellants in their briefs.

1. As there resided in appellee, as between the appellee and respondents, a perfect equity in the lands, no occasion arose requiring the appellee to file this bill until the respondents, or some one through whom they claimed the naked legal title, asserted, by legal proceedings, a claim to the land. The chancellor, in his decree overruling the demurrer to the bill, properly held that, in so far as the doctrine of laches is concerned, this case fell within the influence of the principle which was announced by this court in *Fowler v. Alabama Iron & Steel Co.,* 164 Ala. 414, 51 South. 393, in which case it was said that:

"Since the time when complainant—or its predecessors in interest, if that was the case—came into possession and had been so asserting its equitable title, it has not needed to invoke the affirmative relief of equity, except in response to the action at law now pending. During such time the doctrine of laches had no application

to its situation, and doubtless for this purpose, if there were no actual possession, general acts of ownership would be sufficient."

In this case both parties claim through a common source, viz., George D. Shortridge. As George D. Shortridge conveyed the entire equity in the land to a corporation through which complainant, by an unbroken chain of title, claims the land, and as there descended to the heirs of said George D. Shortridge only the naked legal title to the land, the complainant, in possession of the land, was under no obligation to file this bill until the respondents, holding the naked legal title, saw proper to assert, in an action at law, their legal title to the land.—*Fowler v. Ala. Iron & Steel Co., supra.*

It seems plain, therefore, that the chancellor committed no error in overruling the demurrer to the bill.

2. The above discussion leads to the conclusion that the chancellor committed no error in rendering a decree in favor of the complainant granting to it the relief prayed for in the bill. The evidence sustains the allegations of the bill, and we find nothing in the evidence which would justify this court in reversing the decree of the chancellor in granting to the complainant the relief which it sought by its bill. The evidence discloses, however, that only one of the respondents, G. Rotholz, has any interest in this litigation. The other respondents, by their answer, disclaimed any interest in or claim upon the property, and the evidence discloses that they had parted with their interest before the filing of the bill. The chancellor, however, rendered a decree in favor of the complainant against all of the respondents for the costs. In our opinion the decree in this particular should be corrected and a decree here rendered requiring the said G. Rotholz to pay the costs of this cause.

[Shortridge, et al. v. Southern Mineral Land Co.]

3. It is not inappropriate for us to call attention to the fact that in this case all of the appellants *jointly* assigned error. It may be that, under the influence of the rules laid down in *Davis, et al. v. Vandiver & Co.,* 160 Ala. 454, 49 South. 318, and *Gilley, et al. v. Denman,* 185 Ala. 561, 64 South. 97, the appellant, Rotholz, did not properly present to us for review the questions above discussed. The general rule is that:

"Assignments of error made jointly by all the defendants as to matters prejudicial to some of them only will be disregarded."—*Davis, et al. v. Vandiver & Co., supra; Gilley, et al. v. Denman, supra.*

The operation of the quoted rule is invoked by the appellee in this case; but the rights of the appellee to an affirmance of its decree upon the merits is clear, and we have deemed it unnecessary ·to determine whether the rule quoted from *Davis, et al. v. Vandiver & Co., supra,* is or is not operative upon the assignments of error which we find upon this record.

The decree of the court below is corrected, and as corrected is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.