Wasson, Bank Commissioner, *v.* Greig.

4-4709

Opinion delivered June 28, 1937.

R. S. Wilson and Elmer A. Riddle, for appellants.

Partain & Agee, for appellees.

Smith, J. Wasson, as bank commissioner, recovered judgment on January 30, 1934, against J. K. Greig for $2,623.86, and on May 27, 1935, brought this suit, under the authority of § 4874, Crawford & Moses' Digest, to set aside, as in fraud of creditors, an assignment by Greig to H. E. Smith, his brother-in-law, of a devise to Greig under the will of his uncle. The will was filed for probate January 23, 1935, and the assignment was executed the same day. It recited that it was made for the consideration of $3,000. On June 19, 1935, Eva Chitwood and Marjorie Chitwood, a minor, by her father as next friend, filed an intervention, setting up the fact that they had recovered judgment on July 7, 1935, for $500 against Greig, and they asked the same relief prayed in the original complaint.

On May 21, 1935, a *nulla bona* return was made upon an execution issued on the Wasson judgment. In addition to this evidence of insolvency Dell Miller, the cashier of the bank of which Greig had been a customer, testified that Greig had been in the commission business, and when that business was closed the bank had a statement of Greig's business, according to which Greig was practically broke, as the witness expressed it. Witness did not know of any acquisition of property by Greig except the bequest under his uncle's will, and no check was passed through the bank evidencing the payment of

money to Greig by Smith. Witness had no knowledge of Greig having been regularly or gainfully employed after the dissolution of Greig's business. Witness had talked with Greig before the rendition of the judgment in Wasson's favor, here sought to be enforced, and Greig had told him that he was unable to pay the debt, and had no money in sight with which to pay.

No testimony was offered by Greig to sustain and support the assignment to Smith. No showing was made as to the manner of payment of the $3,000, nor was any testimony offered to overcome the *prima facie* showing of insolvency.

The law of the subject is well settled, and many cases cited in the brief of appellant have quoted and approved the following statement of the law appearing in the case of *Wilks* v. *Vaughan,* 73 Ark. 174, 179, 83 S. W. 913: "It is thoroughly settled in equity jurisprudence that conveyances made to members of the household and near relatives of an embarrassed debtor are looked upon with suspicion and scrutinized with care; and when they are voluntary, they are *prima facie* fraudulent, and when the embarrassment of the debtor proceeds to financial wreck, they are presumed conclusively to be fraudulent as to existing creditors."

It is true the assignment recites a consideration of $3,000; but no proof was offered that it was in fact paid. In the case of *Leonhard* v. *Flood,* 68 Ark. 162, 56 S. W. 781, Judge Riddick said: "It has been several times decided by this court that when the creditors of a vendor attack his conveyance as fraudulent, and introduce proof making out a *prima facie* case of fraud against the vendor, the burden of showing a consideration is on the vendee, and that in such a case the recital in the deed is regarded only as *res inter alios acta,* and not competent to prove a consideration as against the creditor of the vendor."

We conclude, therefore, that the court below was in error in dismissing the complaint and the intervention as being without equity, and that decree will be reversed and the assignment will be declared void as being in fraud

422

of creditors, and the court will adjudge the rights of the parties accordingly.