**181 So. 259**

**STANDARD v. McMILLAN.**

**1 Div. 3.**

Supreme Court of Alabama.

May 12, 1938.

J. B. Blackburn, of Bay Minette, for appellant.

McMillan & Aldridge, of Mobile, for appellee.

FOSTER, Justice.

The bill as amended, whose equity is tested by this appeal from a ruling on demurrer, seeks only to enforce a vendor's lien. It alleges a conveyance of land was made by complainant to respondent, and that respondent agreed and promised to pay complainant $1,000 as a part of the purchase price over and above an alleged indebtedness of $2,500 claimed to be owing respondent by the complainant, and in addition to an amount presently paid in money.

In so far as the $1,000 are concerned, the bill does not seem to be seriously attacked. But the chief insistence relates to the alleged debt of $2,500. We will treat that subject, though the demurrer may not be sufficient to reach that aspect, separately considered. First National Bank of Birmingham v. Forman, 230 Ala. 185, 160 So. 109, and cases there cited.

The bill avers that "the alleged indebtedness of the complainant to the respondent formed part of the consideration to the extent of said indebtedness for which said deed was given and complainant gave respondent credit for the said amount of $2500.00 on the purchase price for said conveyance."

The bill sets up facts sufficient to show that such credit was fraudulently obtained, in that complainant did not owe such amount to respondent, but was fraudulently induced by him to believe that he did; the facts constituting the fraud being alleged. It is not claimed that those facts are insufficient to show fraud. But it is insisted that the fraud does not serve to create an ascertained or a definitely ascertainable debt for which only equity will enforce a vendor's lien.

In this connection, it may serve a useful purpose to make brief reference to some of our cases. When the contract of sale imposes on the purchaser the obligation to render some service or do some act, the breach of which is not subject to measurement by a fixed legal standard, such breach will not be the occasion for a vendor's lien. Burroughs v. Burroughs, 164 Ala. 329, 50 So. 1025, 137 Am.St.Rep. 59, 20 Ann.Cas. 926. Certainly not until after a judgment is rendered at law fixing the money value of the breach. Parrish v. Hastings, 102 Ala. 414, 14 So. 783, 48 Am.St.Rep. 50; Bridgeport Land & Imp. Co. v. American Fire–Proof Steel Car Co., 94 Ala. 592, 10 So. 704.

But if the consideration is to be in whole or in part the delivery of certain specified chattels, or other property, a failure to make such delivery gives rise to a vendor's lien to the extent of their value. Campbell v. Goldthwaite, 189 Ala. 1, 66 So. 483; Dixie Industrial Co v.

'Benson, 202 Ala. 149, 79 So. 615; Mancill v. Thomas, 216 Ala. 623, 114 So. 223.

Where there is an exchange of land for other property, and the purchaser warranted that which he· exchanged against incumbrances, but it was incumbered, to the extent of such incumbrance the value of the land was depreciated in a sum measured by a definite standard, and to that extent the purchase money was not paid, and for its enforcement, the vendor was given an equitable lien. Mancill v. Thomas, supra. This case cites Bradley v. Bosley, 1 Barb.Ch.,N.Y., 125.

In the case of Jarratt v. Langston, 99 Ark. 438, 138 S.W. 1003, it is held that if the consideration agreed on was a certain sum of money, and the purchaser by fraud induced the seller to receive something in satisfaction which was of no value, there was no satisfaction at all, and the seller was given the right to enforce a vendor's lien for the full amount agreed on, as though there had been no attempt at satisfaction.

In Rhine v. Mack, Ark., 108 S.W.2d 1079, it was held when satisfaction of the purchase price is procured by fraud, the .seller may still enforce a vendor's lien.

In the case of Graham v. Moffett, 119 Mich. 303, 78 N.W. 132, 75 Am.St.Rep. 393 (which cites Bradley v. Bosley, supra, somewhat approved), will be found an interesting discussion of some aspects of this question. It is there held that when the purchaser merely exchanged property, and agreed on no cash value as the consideration, his fraud in respect to the property he exchanged to the seller does not give rise to a vendor's lien for the damages thus sustained as a balance unpaid of the purchase price.

This principle would probably accord with our cases in that such damages are not always measured by a fixed standard. Fidelity–Phoenix Fire Ins. Co. v. Murphy, 226 Ala. 226, 146 So. 387 (12) (13).

 We have shown that the bill in this case in substance alleges that the consideration agreed on was measured by a money standard. And to the extent of $2,500, the purchaser is charged with inducing the seller by fraud to accept in settlement, satisfaction of a fictitious claim, which he induced the seller to believe he owed. This, we think, comes within the influence of the principle declared and enforced in Jarrett v. Langston, supra, and does not conflict with our own cases, and gives rise, we think, to an equitable lien for the purchase price thus represented.

The bill does not disclose that there is any equity which complainant should do as a condition to relief. An offer to do equity would be therefore a meaningless form and unnecessary. Head v. Carroll, 230 Ala. 688, 163 So. 328, and cases cited.

The decree of the court was to that effect and should, we think, be, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.