34 So.2d 2

### LYNCH v. PARTIN.

### 3 Div. 491.

Supreme Court of Alabama.

Feb. 19, 1948.

Edwin C. Page, Jr., of Evergreen, for appellant.

McMillan, Caffey & McMillan, of Brewton, for appellee.

242

FOSTER, Justice.

This case comes here on appeal from a decree overruling demurrer to a bill in equity filed by appellee.

The bill seeks to obtain the benefits of section 15, Title 20, Code, whereby "any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor." We have had numerous cases in which reliance was had on this statute, but none directly here in point. The bill alleges that on the suggestion of defendant, it was agreed between them that if complainant would buy from another person, who was the owner, and procure a conveyance to defendant of a certain described sixty acres of land, he would as a material part of the consideration support her during her life; thereupon she gave him $1,900, with which he was to buy said land, and with which he procured a conveyance of it to himself; that said conveyance was in legal effect one from complainant to defendant.

Of course that last statement, above mentioned, is a conclusion of law, but on its correctness hangs complainant's right in this case.

In the alternative, it sets up fraud in procuring the deed. But the allegations of fraud are wholly insufficient to support equitable relief, and we will not discuss that aspect further. The real question is whether complainant was a grantor of this land to defendant as contemplated by the statute, supra.

■ She cannot enforce a resulting trust, because she admits an intention that defendant shall own the land for the con-sideration named. Swendick v. Swendick, 221 Ala. 337, 128 So. 593; Lauderdale v. Peace Baptist Church, 246 Ala. 178, 19 So. 2d 538; Long v. King, 117 Ala. 423(7), 431, 23 So. 534. See Semple v. Semple, 90 Fla. 7, 105 So. 134; 65 Corpus Juris 401, section 166, page 403, section 168. The allegations of the bill will support no form of equitable trust or other relief (Burroughs v. Burroughs, 164 Ala. 329, 50 So. 1025, 137 Am. St.Rep. 59, 28 L.R.A.,N.S., 607, 20 Ann. Cas. 926; Standard v. McMillan, 236 Ala. 77, 181 So. 259), unless the statute, supra, furnishes a right here sought. For a discussion of the different sorts of equitable trusts, see Talley v. Talley, 248 Ala. 84, 26 So.2d 586.

■ The question is whether the legislature intended by section 15, supra, to apply only when a grantor was such in a strict legal sense, or whether it was intended to apply to one who is regarded in equity as the grantor, though he made no conveyance in a legal sense. According to the allegations of the bill complainant was the real purchaser of the land and conveyed it to respondent though indirectly. A purchaser by executory contract is in equity the owner of the land, and the vendor is there treated as holding it in trust for the vendee. Loventhal v. Home Ins. Co., 112 Ala. 108, 113, 20 So. 419, 33 L.R.A. 258, 57 Am.St.Rep. 17; Wimbish v. Montgomery Mut. Bldg. & Loan Ass'n, 69 Ala. 575; Rankin v. Dean, 157 Ala. 490, 47 So. 1015; Shortridge v. Southern Mineral Land Co., 186 Ala. 660, 65 So. 354.

■■ Upon the basis of that theory, one has a vendor's lien who buys and pays for land selling it to another on credit, and to whom a deed is made by the original owner according to the direction of the vendor claiming the lien who makes no conveyance to his purchaser. Johns v. Seeley, 94 Fla. 851, 114 So. 452; 66 Corpus Juris 1221, section 108; Logwood v. Robertson, 62 Ala. 523. He is in equity the vendor and entitled to all the equitable rights a vendor has. Among those rights is that conferred by section 15, Title 20, supra.

Complainant by her bill brings herself within the purview of that principle.

The demurrer was properly overruled. Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.