114 So.2d 253

Thomas I. PERRYMAN

v.

Sam PUGH, Executor.

6 Div. 988.

Supreme Court of Alabama.

Aug. 20, 1959.

Huey, Stone & Patton, Bessemer, for appellant, Perryman.

488

McEniry, McEniry & McEniry, Bessemer, for appellee, Pugh.

GOODWYN, Justice.

Appellant, Thomas I. Perryman, filed in the circuit court of Jefferson County, Bessemer Division, in equity, a bill of complaint against appellee, Sam Pugh, individually and as executor under the last will and testament of Hessie P. Perryman, deceased, seeking, as last amended, (1) specific performance of an alleged oral agreement between appellant and the said Hessie P. Perryman, his wife, to make irrevocable wills in favor of each other, and also seeking, in the alternative, (2) to have a resulting trust decreed in appellant's favor with respect to the property, both real and personal, standing in his wife's name at the time of her death, (3) specific performance as to the personal property only, and (4) a resulting trust as to the personal property only. The decree appealed from sustained appellee's demurrer "to that aspect of the bill, as last amended, relative to and involving the real property of the estate", overruled appellee's demurrer "to that aspect of the bill, as last amended, relative to and involving the personal property of the estate", and overruled appellee's demurrer "to the bill as a whole, as last amended."

It is not clear to us just what it is the trial court intended by its decree. Under the circumstances we think it appropriate to consider on this appeal only that part of the decree overruling the demurrers "to the bill as a whole, as last amended." So considered, the question presented is whether the bill has equity in any of its aspects. Marshall County Gas District v. City of Albertville, 263 Ala. 601, 603, 83 So.2d 299, and cases there cited.

(In Pugh v. Perryman, 257 Ala. 187, 58 So.2d 117, Thomas I. Perryman sought relief by way of a declaratory judgment proceeding. It was held that the will of Hessie P. Perryman in favor of Sam Pugh could not be declared inoperative until after it had been probated; also, that the equity court had no power to declare Hessie P. Perryman's will in favor of Thomas I. Perryman to be her last will and testament. After that decision and probate of the will in favor of Sam Pugh appellant brought the proceeding now before us.)

The allegations of the amended bill, to the extent material on this appeal, may be stated as follows:

Appellant and Hessie P. Perryman (who will, for convenience, be referred to hereinafter simply as "Hessie") were married on March 1, 1924, and thereafter lived together as husband and wife until her death on October 30, 1950. She left surviving her, as her sole heirs and next of kin, the appellant and her two brothers, Thomas Pugh and appellee, Sam Pugh.

At the time of the marriage Hessie did not own any property except an undivided interest in what was to become their home place. At the time of her death she had the legal title or joint title with appellant to several parcels of real estate and some personal property, including an Investors Syndicate bond or certificate, the exact amount of which was unknown to appellant, and $2,500 on deposit in a postal savings account. The parcels of real estate and the items of personal property are set forth in the bill in detail, including the amount paid by appellant for each parcel and item, and the improvements, repairs, taxes and insurance thereon. Except as to one parcel of real estate (lot 16 in block 437, according to the present plan and survey of West Lake Highlands, as to which it is alleged that the purchase price was paid jointly by appellant and his said wife), it appears that appellant contributed all of the funds for the purchase of each parcel of real estate and each item of personal property, and also for the improvements, repairs, taxes and insurance in connection therewith.

It is alleged, in substance, that title to each parcel and item of such property was placed in Hessie's name pursuant to an oral agreement made between her and appellant soon after their marriage whereby they were to make irrevocable mutual wills in favor of each other so that on the death of one the survivor would be protected.

A number of years went by without making the wills as agreed. In 1941 Hessie wanted appellant to erect a garage on the home property. At this time the respondent-appellee, Sam Pugh, still held title to an undivided interest in the home place, although he was supposed to have conveyed it to Hessie when she acquired Thomas Pugh's interest several years before. Appellant refused to erect the garage until Hessie promised to acquire Sam Pugh's interest in the home place without further delay. She promised, appellant erected the garage and she obtained Sam Pugh's interest in the home place in September, 1942. At that time their agreement for making mutual wills was again discussed and reaffirmed. But the wills were not made until April 5, 1944. They were made at that time because appellant told Hessie he would not continue to make improvements to the property in her name and maintain the same and pay the taxes and insurance thereon, or place in her name the title to property thereafter purchased by him, until they had protected themselves by the making of such irrevocable wills.

As to the agreement, the bill alleges the following:

"* * * [T]hat it was then agreed by and between the complainant and his said wife, that his said wife, Hessie P. Perryman, would make and execute an irrevocable will bequeathing all of her property to complainant, in recognition of and in consideration of the property he had theretofore purchased, the title to which was in her name, and the other expenditures he had made to and on said property, and in consideration of complainant making simultaneously therewith an irrevocable will to all his property in her favor and complainant's agreement to thereafter continue, as in the past, making investments in property in her name or in their joint names, and paying all taxes and insurance premiums on all properties and keeping and maintaining the home place in a good state of repairs; that in pursuance to and in full performance of said agreement and

for the considerations aforementioned, the said Hessie P. Perryman did on, to wit, April 5, 1944, execute a will bequeathing all her property to the complainant, a copy of which is hereto attached, marked Exhibit A [set out hereinafter] and made a part hereof as if set out in full; that simultaneously with the execution of said will by complainant's said wife, the complainant executed a will in her favor, a true and correct copy of which is hereto attached and marked Complainant's Exhibit B [identical with Exhibit A except as to transposition of names of appellant and Hessie], and made a part hereof as if here and now set out in full, which said wills were delivered to complainant and were taken by him and placed in a safety deposit box of the American Bank and Trust Company, Bessemer, Alabama, where they remained under the custody and control of complainant and in a place of safety until subsequent to the death of complainant's said wife."

"Exhibit 'A'

"State of Alabama ⎱
Jefferson County ⎰

"I, Hessie Pugh Perryman, a resident of Jefferson County, Alabama, being more than twenty-one years of age and of sound mind and disposing memory, but realizing the uncertainty of the duration of life, do make this my last will and testament, hereby revoking all former wills that have at any time heretofore been made by me.

"Item One

"I will, devise and bequeath unto my dear husband, Thomas I. Perryman, all of the property of which I may die seized and possessed, or to which I may be entitled at the time of my decease, real, personal and mixed and wherever located, to have and to hold absolutely.

"I nominate and appoint my said husband, Thomas I. Perryman, as Executor of this my last will and testament, and I do specifically direct and declare that he shall not be required to make any bond, nor make any inventory of the property coming into his hands as such Executor, nor report to or answer to any Court, at law or in Equity for his actions hereunder.

"In Witness Whereof I have hereunto set my hand this the 5th day of April, 1944.

"Signed: Hessie Pugh Perryman

"Signed and declared to be her last will and testament by Hessie Pugh Perryman, in our presence, and we in her presence and in the presence of each other, and at her request, have hereunto set our names as witnesses on the day the same bears date.

"Signed: Wm. C. Smithson
"Signed: Ruth Mackey"

It is further alleged that, in accordance with said agreement and "in reliance upon said agreement and the execution of the will by the said Hessie P. Perryman in his favor, complainant thereafter in every respect fully and completely performed said agreement until the death of the said Hessie P. Perryman, by thereafter making investments in the joint names of complainant and said deceased"; that appellant deposited $2,500 of his own funds "in the name of said Hessie P. Perryman with the United States Post Office Department and other investments in her name," and "expended from his own funds the amounts necessary to maintain and improve their home place and paid the taxes and insurance premiums on all of the property of complainant and the said Hessie P. Perryman, including property the title to which was vested solely in the said Hessie P. Perryman"; that appellant "never at any time undertook or attempted in any way to repudiate said agreement or revoke his

said will executed in favor of the said Hessie P. Perryman but" he "fully and completely abided by and performed said agreement"; that on July 31, 1944, "the said Hessie P. Perryman, without the knowledge or consent of complainant, executed a certain written instrument which purported to be her last will and testament by and under which she undertook to revoke all wills theretofore made, which would include the will made in favor of complainant on, to-wit, April 5, 1944,. and in and by said written instrument the said Hessie P. Perryman attempted to give, devise and bequeath all of the property of which she died seised and possessed unto her brother, the respondent Sam Pugh"; that said instrument was duly admittted to probate in Jefferson County "on the ———— day of November, 1952"; that appellant "did not know until after the death of ·the said Hessie P. Perryman of the existence of said will dated July 31, 1944, nor did complainant know that the said Hessie P. Perryman had breached said agreement between complainant and the said deceased by revoking the said will in complainant's favor"; that said later will, "shortly after it was executed, was delivered by the said Hessie P. Perryman to the respondent Sam Pugh and he had possession thereof continuously thereafter until the death of Hessie P. Perryman"; that "said Hessie P. Perryman never at any time told complainant or intimated to him that she had executed said written instrument but continuously, during the years after the execution of said will and said will of complainant, reaffirmed said agreement and the fact that they had protected each other as to the property in their respective names by virtue of said mutual wills."

It is further alleged as follows:

"10. * * * [T]hat the foregoing described property, the title to which was in the name of his said wife at the time of her death, represents substantially all of the savings and accumulations that the complainant had made during the, to wit, 28 years he was married to the said Hessie P. Perryman; that the agreement between the complainant and his said wife as aforesaid by and under which the complainant's said wife was to execute and deliver to complainant an irrevocable will in his favor was fully performed and executed by her execution and delivery of the same to him on, to wit, April 5, 1944 and such became binding upon the parties thereto; that the said Hessie P. Perryman, by the execution of said will in favor of the respondent Sam Pugh, on, to wit, July 31, 1944 which was just a short time after the execution of said will by. her in complainant's favor, constitutes a breach; and violation of said agreement and a fraud upon the complainant as to the property he had purchased and placed in her name and as to the other expenditures made for her benefit and a fraud upon the complainant as to property thereafter placed by him in her. name and expenditures made by him for her benefit, in that she did fraudulently conceal and withhold from the complainant the fact that she had made said will in favor of said respondent and during said time, for the purpose of further defrauding the complainant, she reaffirmed the fact that she had protected the complainant by the execution of the will to him on April 5, 1944.

"11. That said agreement between the complainant and his said wife is not subject to the statute of frauds or within the statute of frauds in that the agreement between the complainant and his said wife was fully performed by his said wife upon her executing and delivering her said will in favor of the complainant to the complainant.

"12. That complainant further shows that said agreement between him and his wife is not in the statute of frauds nor can the statute of frauds be invoked to nullify said agreement for

so to [sic] would be to allow the perpetration of a fraud by the statute of frauds, that is to say, the respondent would be defrauding the complainant of the property which complainant bought and paid for, the title to which was placed in complainant's wife's name before and after the execution of the will in complainant's favor, as well as the other expenditures made thereon which redowned to the benefit of his wife's estate, by permitting the statute of frauds to be invoked to nullify the contract under which said property was procured which is not permissible in a court of equity.

"13. Complainant further says that he is entitled to have this Honorable Court specifically perform said contract and require the respondent, individually and as executor, to convey to him all of the real and personal property in the Estate of the said Hessie P. Perryman, deceased. Complainant further shows in the alternative that he is entitled to have this Honorable Court declare a resulting trust in favor of the complainant as to all of the property in the Estate of the said Hessie P. Perryman, deceased, and in particular as to all property in said estate that was purchased and paid for by the complainant and placed in the complainant's wife's name after, to wit, April 5, 1944, and require the respondent as trustee thereof convey the same to complainant.

"14. Complainant further shows in the alternative and as another aspect of this bill that under the facts herein alleged he is entitled to have this honorable court specifically perform said contract between complainant and his said deceased wife as to all of the personal property in the estate of said deceased.

"15. Complainant further shows in the alternative and as another aspect of this bill that under the facts herein alleged he is entitled to have this honorable court declare a resulting trust in favor of complainant as to all of the personal property in the estate of said deceased."

It is our view that the aspect of the bill seeking a resulting trust in favor of appellant, both as to real and personal property, has equity, thus calling for affirmance of the interlocutory decree appealed from.

In Bostic v. Bryan, 263 Ala. 673, 676, 83 So.2d 796, 797, we said:

"A resulting trust arises from a presumption of fact expressive of the supposed intention of the parties that the title to land voluntarily taken in the name of another is held for the benefit of the one who furnishes the purchase price. The title is thus taken in the other by the complaining party himself, or it is with his consent. Adams v. Griffin, 253 Ala. 371, 45 So.2d 22; Lauderdale v. Peace Baptist Church of Birmingham, 246 Ala. 178, 19 So.2d 538; Rose v. Gibson, 71 Ala. 35. If the circumstances show that the one furnishing the money intended that the grantee named in the deed should be the owner of the land, that would rebut the presumption and no resulting trust would arise. Lynch v. Partin, 250 Ala. 241, 34 So.2d 2, and cases supra."

From 1 Pomeroy's Equity Jurisprudence, 5th Ed., § 155, pp. 210, 211, is the following:

"*Resulting trusts* arise where the legal estate is disposed of or acquired, not fraudulently or in the violation of any fiduciary duty, but the intent in theory of equity appears or is inferred or assumed from the terms of the disposition, or from the accompanying facts and circumstances, that the beneficial interest is not to go with the legal title. In such a case a trust 'results' in favor of the person for whom the equitable interest is thus assumed to have been intended, and whom equity deems to be the real owner."

In Restatement of the Law of Restitution, Ch. 9, § 160(b) (c), the following distinc-

tion is made between a resulting trust and a constructive trust, viz.:

"b. *Constructive trust and resulting trust.* * * * A resulting trust arises where a transfer of property is made under circumstances which raise an inference that the person making the transfer or causing it to be made did not intend the transferee to have the beneficial interest in the property transferred. A constructive trust is imposed not because of the intention of the parties but because the person holding the title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property. * * *"

While there is a presumption that the husband intended a gift to his wife, such presumption may be overcome. Hooks v. Hooks, 258 Ala. 427, 430, 63 So.2d 348; Marshall v. Marshall, 243 Ala. 169, 171, 8 So.2d 843; Montgomery v. McNutt, 214 Ala. 692, 694, 108 So. 752. We think the allegations of the bill sufficiently show that a gift was not intended

The equity sought to be enforced under the trust aspect is one which arises by operation of law and is not dependent upon a contract; hence, the statute of frauds is no obstacle to the establishment of such trust. Young v. Greer, 250 Ala. 641, 643, 35 So.2d 619; Montgomery v. McNutt, 214 Ala. 692, 694, 108 So. 752, supra; Haney v. Legg, 129 Ala. 619, 625, 30 So. 34, 87 Am.St.Rep. 81; Beadle v. Seat, 102 Ala. 532, 536, 15 So. 243; Lehman v. Lewis, 62 Ala. 129, 132.

Nor is the probate of the will an obstacle to fastening a trust on the property in the hands of the executor. As said in Bolman v. Overall, 80 Ala. 451, 457, 2 So. 624, 627, 60 Am.Rep. 107:

"The fact that the last will of Mrs. Lohman has been probated by a court having exclusive jurisdiction of the probate of wills, and that this action of ·

such court is conclusive on the complainants, and all others, is no answer to the purpose and prayer of the bill. No effort is made to disturb or set aside such probate, but to fasten a trust on the property in the hands of the executor and legatees, who are admitted to hold the legal title to such property by · virtue of the will, and its probate by the proper court."

The doctrine of resulting trusts applies alike to realty and personalty. Mandelcorn v. Mandelcorn, 228 Ala. 590, 593, 154 So. 909, 93 A.L.R. 322; Hill v. Hill, 216 Ala. 435, 437, 113 So. 306; 54 Am.Jur., Trusts, § 193, p. 152; 89 C.J.S. Trusts § 98, p. 941; Pomeroy's Equity Jurisprudence, 5th Ed., Vol. 4, § 1038, p. 78.

The decree appealed from is due to be affirmed.

Affirmed

LAWSON, SIMPSON and MERRILL, JJ., concur.