# Snodgrass *v.* Snodgrass.

*Bill to Bring an Agent or Trustee to an Accounting.*

(Decided April 4, 1912. 58 South. 199.)

1. *Insane Person; Guardianship; Existence of Relation; Accounting.*— Equity has jurisdiction to require an accounting from the legal representative of one who, with the consent of an imbecile, interested with others in real estate, assumes the management of the property of the imbecile and recognized the trust by undertaking active duties in the management of the property, and supports the imbecile, since such one undertook duties akin to those of a duly appointed guardian.

2. *Same; Trusts; Existence of Relation.*—One who assumes to act without authority, or under an appointment of the probate court void for want of jurisdiction, as the guardian of a lunatic may be charged as a trustee, and compelled to account in equity.

3. *Same; Limitations; Laches; Accounting.*—Where one assumed the management of property in which an imbecile had an interest, performed continuous duties in the control of the property, and in supporting the imbecile, the right of the imbecile to compel an accounting from such person was not barred by limitation or laches, although more than twenty years had elapsed since the management of the property was first begun.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

[Snodgrass v. Snodgrass.]

Bill by John D. Snodgrass, as guardian of J. T. Snodgrass, an incompetent, against Eliza A. Snodgrass, administratrix of Nathaniel H. Snodgrass, deceased. From a decree overruling a demurrer to the bill, defendant appeals. Affirmed.

The case made by the bill is that in 1880 John Snodgrass died intestate in Jackson county, and that Hamlin Caldwell and William E. Snodgrass were appointed administrators of his estate, and that after setting apart the property exempt to the widow and paying the debts of the estate they reported the estate solvent, and obtained a decree ordering distribution, under said decree they distributed $14,000, giving $2,800 to the widow and $2,400 to the heirs each. It is further alleged that the administrators never assumed control over the real estate, except to rent it out, pending their administration, and that in February, 1889, they procured their discharge as such administrators. It is then alleged that the real estate is still owned by the surviving heirs of decedent as tenants in common, except that James D. Snodgrass has sold and conveyed his fifth interest to N. H. Snodgrass. The heirs of the estate are then set out, and it is alleged that the widow survived John Snodgrass for about 18 months, then died, leaving her estate clear of debt, and that her estate was divided equally among the five heirs; that in November, 1910, N. H. Snodgrass died intestate in said above-named county, and left a large estate of personal and real property, and that his widow, Eliza A. Snodgrass, who is named as respondent here, was appointed his administrator. The bill then sets out his heirs, with their ages and places of residence. It is then averred that John T. Snodgrass, in whose behalf this bill is filed, is 54 years old, and from the time of his infancy until the filing of this bill has been an imbecile and mentally in-

capable of making contracts or managing or controlling his property. It is then alleged that for some time William E. Snodgrass, by mutual consent, managed and controlled his property, paying the state and county taxes, renting out and receiving the annual rent, and furnishing John T. with clothing, board, and small sums of money, until December 15, 1886, by mutual consent and agreement entered into by William E., John T., and Nathaniel H. Snodgrass, all of whom were 21 years old. William E. Snodgrass voluntarily resigned his agency and trust of the estate of John T., and Nathaniel H. Snodgrass undertook the management and control, and did assume the management and control of the property and estate of said John T., and continued to do so from that date until the date of his death, in November, 1910. The bill then sets out the acts and doings of the said Nathaniel H. relative to the management and control of the property of John T., a summary of which sufficiently appears in the opinion. It is then alleged that on the 30th day of December, 1910, said John T. Snodgrass was declared to be of unsound mind on proper proceedings instituted in the probate court, and a judgment to that end was entered, and complainant was appointed the guardian of the said non compos and of his estate. The bill then sets out the various items of property belonging to John T., and either used, expended, or consumed by the said N. H. Snodgrass. The demurrers raise the proposition that it is shown that John T. Snodgrass was an imbecile, and therefore incapable of appointing an agent or trustee, that the bill shows that it seeks an accounting for the acts of an alleged trustee, that there was no such agent or trutsee, and that the several demands set up in the bill are barred by prescription. Demurrers were also filed to the several sections of the bill, setting up staleness of demand, and also that

the bill showed no agreement to account for the rents and property, but showed joint occupancy as tenants in common, and showed no ouster or other declaration of right.

JOHN B. TALLEY, and VIRGIL BOULDIN, for appellant. While the doctrine of laches is taken out of this case by the allegation in the bill, that complainant's ward is and has been all his life of unsound mind, the doctrine of prescription will defeat the right of recovery, and the court was in error in overruling the demurrers raising the question of prescription and staleness of demand. For a full discussion of this question reference is made to brief filed and set out in the case of *Snodgrass v. Snodgrass,* reported ante.

WILLIAM H. NORWOOD, for appellee. The same propositions are involved as are discussed in brief filed in the case of *Snodgrass v. Snodgrass,* reported ante, except that the ward is alleged to be insane; therefore, the question of laches is removed from consideration. If it be conceded that the ward was incapable of appointing an agent of the trustee, then the trustee, or the person who assumed the trust, and its active duties will be treated in equity as a trustee in invitum, and held to an accounting.—*Corbett v. Carroll,* 50 Ala. 315; *Borem v. Bell,* 132 Ala. 85; *Walker v. Nelson,* 106 Ala. 535.

ANDERSON, J.—The bill seeks to bring the respondent to an accounting and settlement for her intestate, who had been the agent or trustee for the complainant's ward for about 25 years, and up to within a short period prior to the death of the said trustee in the year 1910.

It is charged that said ward was a non compos mentis, who owned a large estate consisting of real and per-

sonal property and which was owned jointly with the trustee, Nathaniel H. Snodgrass, and other children and heirs of John Snodgrass, deceased. Nathaniel, by and with the consent of the said imbecile, John Thomas Snodgrass, in the year 1886 assumed the control and management of all of the property in which the said John T. was interested, and continued to control and manage it until, or shortly prior to, his death in the year 1910, recognizing at all times the trust by paying taxes and supplying the said John T. with such small amounts as he needed, and by keeping him as a member of his family and household. These offices undertaken by the said Nathaniel H. Snodgrass are so nearly akin to those of a guardian duly appointed that the jurisdiction of a court of equity to bring his legal representative to a settlement cannot be questioned.—*Whetstone v. Whetstone,* 75 Ala. 495. It matters not that the ward was not capable of making a valid appointment of the said Nathaniel as his guardian or trustee.

"A person who assumes to act as the guardian of a lunatic, without authority or under the appointment of a probate court which is void for want of jurisdiction, may be charged as a trustee in invitum, and compelled to account in the chancery court."—*Moody v. Bibb,* 50 Ala. 245.

Nor was the bill open to the demurrers as to prescription, limitations, or laches, as it sets up facts showing that the said Nathaniel Snodgrass acted in recognition of the trust or agency until, or shortly prior, to the year 1910. There were continuous active duties required and performed by said Nathaniel looking to the control and management of the trust property. The said ward was a member of the family and household of said Nathaniel, and the said Nathaniel paid the tax on said ward's property, boarded him, furnished him

with wearing apparel, and made him advances of money at periods between the years 1886 and 1910. The case made by the bill is analogous to a running mutual account against which time does not run. "Each act done or in recognition of the trust is a renewal of the obligation it imposes."—Perry on Trusts, § 863, and note 1; *Whetstone v. Whetstone, supra; Girard v. Futterer,* 84 Ala. 323, 4 South. 292; *Werborn v. Austin,* 82 Ala. 498, 8 South. 280. The case made by the present bill is plainly distinguished from the case of *Nettles v. Nettles,* 67 Ala. 599, and other cases cited and relied upon in brief of appellant's counsel, and is almost on all fours with the case of *Whetstone v. Whetstone,* 75 Ala. 495, except in this case the bill is filed by a legally and duly appointed guardian, and was filed by the next friend in said *Whetstone Case.*

The chancery court properly overruled the respondent's demurrers to the bill of complainant, and the decree is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, SAYRE, and SOMERVILLE, JJ., concur. MCCLELLAN and MAYFIELD, JJ., not sitting.