## MONTGOMERY v. McNUTT. (6 Div. 484.)

(Supreme Court of Alabama. May 27, 1926. Rehearing Denied June 17, 1926.)

1. Trusts ⚹⇒72, 88—Resulting trust in favor of party advancing purchase money arises by operation of law and may be proved by parol.

Resulting trust in favor of party advancing purchase money for property arises by operation of law, and may be proved by parol, without offending statute of frauds, which extends only to trusts created or declared by parties, or rule that written instrument may not be contradicted, varied, or altered by parol.

2. Trusts ⚹⇒89(5).

Proof of payment of purchase money by party claiming a resulting trust must be clear and convincing.

3. Trusts ⚹⇒89(5)—Uncontradicted proof that complainants' intestate furnished money to purchase property held sufficient proof of payment to raise resulting trust.

Uncontradicted proof that complainants' intestate furnished money to purchase property is sufficient compliance with rule requiring clear and convincing proof of such payment to raise resulting trust.

4. Trusts ⚹⇒86—Husband or father purchasing property in name of wife or child is presumed to intend a gift or advancement, which may be overcome by contrary proof.

Where purchase money is paid by husband or father from own funds, and conveyance taken in name of wife or child, presumption based on natural affection and moral obligation is that gift or advancement is intended which may be overcome by proof to contrary.

5. Trusts ⚹⇒89(5).

Proof that gift or advancement by husband or father purchasing property in name of wife or child was not intended must be clear and convincing.

6. Trusts ⚹⇒88.

Whether property purchased by husband or father in name of wife or child was gift or advancement or gives rise to resulting trust is question of intention which may be proved by parol.

---

⚹⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Trusts ⊕═86—Person advancing purchase price and taking conveyance in name of another towards whom he stands in loco parentis is presumed to intend gift or advancement.**

Where person advancing purchase price of property places himself in loco parentis towards person in whose name conveyance is taken, presumption is that gift or advancement was intended.

**8. Trusts ⊕═88—Parol evidence is admissible to show intention with which conveyance in name of party other than one advancing the money is executed.**

Where resulting trust is asserted, parol evidence is admissible to show intention with which conveyance ,taken in name of person other than one advancing the money is executed.

**9. Gifts ⊕═47(I)—Sister has burden of showing that conveyance taken in her name, paid for by brother, was intended as gift.**

Sister, in whose name property was purchased with funds of brother, who was under no obligation to provide for her, has burden of proving gift rather than resulting trust by same quantum of evidence required to establish any other disputed fact.

**10. Gifts ⊕═48—Relation between parties is to be considered in determining whether purchase by brother in name of sister was intended as gift.**

In determining whether conveyance taken in name of sister, paid for by brother, was intended as gift, relations between parties and their circumstances are to be considered in connection with other relevant facts.

**11. Evidence ⊕═269(I)—Declarations of brother purchasing in name of sister, either before or at time of purchase, are admissible to show whether advancement or trust was intended, but declarations after purchase are incompetent.**

Where brother purchased property in name of sister, declarations of brother, either before or at time of purchase, may be received to show intention to make an advancement or trust, but declarations made after purchase are incompetent to affect prior transaction.

**12. Evidence ⊕═269(I)—Declarations by brother purchasing in name of sister, made subsequent to transaction, may be used by sister to show that settlement and not trust was intended.**

In purchase by brother of property taken in name of sister, declarations of brother subsequent to purchase may be used by sister to show intention to make settlement and not a trust.

**13. Evidence ⊕═271(6), 272.**

Subsequent declarations of nominal grantee may be used against him, but not in his favor in determining whether transaction was advancement or trust.

**14. Appeal and error ⊕═1009(I).**

Where facts are tried by court taking testimony of witnesses ore tenus, concession is made in favor of judgment of trial court.

On Rehearing.

**15. Trusts ⊕═366(3)—Daughter of intestate apparently sharing in his property is a necessary party to bill to establish resulting trust in favor of intestate's estate.**

In bill to establish resulting trust in favor of estate of complainants' intestate, daughter of intestate, apparently entitled to share in his property, is a necessary party.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge. ·

Bill in equity by Mamie F. Montgomery, as administratrix of the estate of C. L. Montgomery, deceased, against Louvenia McNutt. From a decree for defendant, complainant appeals. Reversed and remanded.

F. D. McArthur, ,of Birmingham, for appellant.

Complainant should have been permitted to introduce evidence showing the intention of deceased at the time the property was conveyed to defendant. 3 Pomeroy's Eq. ·Jur. (4th Ed.) 2336. The trust of the legal estate, whether freehold or leasehold, results to him who advances the purchase money, without regard to the person in whose name the title is taken. Patton v. Beecher, 62 Ala. 579; Lee v. Browder, 51 Ala. 288; Sanders v. Steele, 124 Ala. 415, 26 So. 882; 26 R. C. L. 1214. There being no obligation upon deceased as to support of defendant, the rule as to presumption of an advancement does not apply. 26 R. C. L. 1226. Declarations of the trustee are admissible to prove the trust. 26 R. C. L. 1229.

J. R. Montgomery and W. H. Smith, both of Birmingham, for appellee.

The presumption that the conveyance speaks the truth will prevail, until the contrary is established by clear and convincing proof. Patton v. Beecher, 62 Ala. 579; Lehman v. Lewis,· 62 Ala. 129. The trust must have been coeval with the deed, or it does not exist at all. Tilford v. Torrey, 53 Ala. 120. The deed is valid between the parties. Perkins v. Perkins, 206 Ala. 571, 91 So. 256.

SAYRE, J. Complainant's bill sought to establish a resulting trust in favor of the estate of her intestate in real property situate in Jefferson county. At the hearing on pleading and evidence, decree went for defendant. Complainant appeals.

[1-3] There is a wealth of decisions on the subject involved. "The clear result of all the cases, without a single exception," says Judge Story, "is that the trust of the legal estate * * * results to the man who advanced the purchase money. This is a general proposition, supported by all the cases, and there is nothing to contradict it." 3 Story's Eq. (14th Ed.) § 1597. The principle "has its origin in the natural presumption,

---

⊕═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in the absence of all rebutting circumstances, that he who supplies the money means the purchase for his own benefit, rather than for that of another, and that the conveyance in the name of the latter is a matter of convenience and arrangement between the parties for some collateral purpose." The trust arises by operation of law, and may be proved by parol, without offending the statute of frauds, which extends to and embraces only trusts created or declared by the parties, or the rule that a written instrument may not be contradicted, varied, or altered by parol. Lee v. Browder, 51 Ala. 288. The distinction between such cases as Patton v. Beecher, 62 Ala. 579, and Brock v. Brock, 90 Ala. 86, 8 So. 11, 9 L. R. A. 287, where it was held that the mere parol promise by the grantee in a deed, absolute on its face, to hold for the use of the grantor, will not take the conveyance out of the statute, and the case here under consideration, is pointed out in Long v. Mechem, 142 Ala. 412.[1] These principles are abundantly sustained by the decisions of this court. Harden v. Darwin, 66 Ala. 55; Lehman v. Lewis, 62 Ala. 129; Bibb v. Hunter, 79 Ala. 351; Heflin v. Heflin, 208 Ala. 69, 93 So. 719. The cases all agree that proof of payment by the party seeking the benefits of these principles, in order to lay the foundation of a resulting trust, must be clear and convincing. Pom. Eq. Jur. (4th Ed.) § 1041, note (b). In the case before us the proof was clear and convincing that complainant's intestate had furnished the money that went to purchase the property in litigation. Indeed that fact is not denied. And this suffices to show compliance with the rule stated last above.

If there had been no particular relation between complainant's intestate and defendant appellee, what has been said would be enough to dispose of this cause in favor of appellant. But intestate and defendant, persons of color, and, as children, members of a large family, were brother and sister, and the evidence on behalf of defendant was designed and tended to show that defendant, being much older than intestate, had in large part given him a mother's care until he went out from home to earn a livelihood, and that intestate, who lived in Birmingham where he accumulated some property, made annual visits to defendant, who lived on her own property in the vicinity of Knoxville, Tenn., and on such occasions made her presents of sums of money, ranging, according to this evidence, from $10 to $200 at a time. For appellant it was shown that intestate had been for many years engaged in the business of making appearance and appeal bonds for persons needing that kind of accommodation, that he had been accustomed to sign the name of his sister to such bonds along with his own, though he had no power of attorney to that end, nor was she aware of his

practice, that he had all the while collected the rents from the property, paid taxes and for repairs thereon, that she knew nothing of all this; and complainant sought to have the court draw the inference that his collateral purpose was to serve the interest of his business by qualifying defendant as a sufficient surety on the bonds to which he signed her name, and that he had no purpose to make her a gift of the property. On this branch of the case we quote section 1041 of 3 Pom. Eq. Jur. as follows:

"In trusts of the second form, [that is] between family relatives, no evidence is necessary, in the first instance, to show the operation of the rule, since a presumption arises on the face of the transaction that a gift was intended, and that no trust results. This result, however, is merely a presumption, and may be overcome. Extrinsic evidence, either written or parol, is admissible on behalf of the husband or parent paying the price to rebut the presumption of an advancement or gift, and to show that a trust results; and, conversely, such evidence may be used to fortify and support the presumption. In general, this extrinsic evidence, to defeat an advancement and establish a trust as against the party to whom the property is conveyed or transferred and those holding under him, must consist of matters substantially contemporaneous with the purchase, conveyance, or transfer, so as to be fairly connected with the transaction."

[4-6] Where the purchase price is paid by husband or father out of his own funds, and conveyance taken in the name of wife or child, the presumption is that a gift or advancement is intended. This presumption may be overcome by proof that no gift or advancement was intended. This also, according to the authorities, must be clearly and convincingly shown in such cases. It is the intention of the parties in such cases that must control, and what that intention was may be the subject of proof.

"Thus, if there is any circumstance accompanying the purchase which explains why it was taken in the wife's or child's name, and that it was not intended to be an advancement, but was intended to be a trust for the husband or father, the presumption of an advancement will be rebutted, and the inference of a trust will be established." 1 Perry on Trusts (5th Ed.) § 146.

And section 147 of the same work reads:

"Whether a purchase in the name of a wife or child is an advancement or not, is a question of pure intention, though presumed in the first instance to be a provision and settlement."

[7] A like presumption is indulged "where the person advancing the price has placed himself in loco parentis towards the other." 3 Pom. Eq. Jur. § 1039. Some adjudicated cases are cited in the note, among them Higdon v. Higdon, 57 Miss. 264, where a conveyance by a brother to sisters was held for a gift. In that case, we may note, the facts

---

[1] 38 So. 262.

supporting the presumption of a gift were much stronger than in the present case.

[8] The presumption in favor of wife or child is founded in natural affection and moral obligation (Story's Eq. [14th Ed.] § 1601) and the authorities seem to extend it to all cases in which the purchaser who pays the price is under legal or moral obligation to provide for the grantee (Story's Eq. [14th Ed.] § 1601, note 3). Upon this theory defendant's case is founded. And always, where a trust of this character is asserted, parol evidence is admissible to show with what intention the conveyance is executed, since the whole doctrine of resulting trust depends upon an equitable presumption of intention. 3 Pom. Eq. Jur. § 1040. This law has been settled since 1685. Boyd v. McLean, 1 Johns. Ch. (N. Y.) 582; Gascoigne v. Theving, 1 Vern. 366.

"When the doctrine is once taken up that the intention of the parties is not to be found in the legal construction of an instrument and that you are to infer it from extrinsic circumstances, nothing short of a general admission of all parol evidence that throws light on the intention, and is in its nature competent, can be adopted." Walston v. Smith, 70 Vt. 25, 39 A. 253.

[9-13] In view of the facts that intestate and defendant, at the time of the purchase of the property in suit, had lived separate lives for many years, 40 years approximately, the visits of which we have spoken excepted, that defendant had as good an estate as intestate, maybe even better—in view of these facts in connection with those before stated, we do not find that intestate was under legal or moral obligation to provide for defendant. Such being the case, the undisputed fact that intestate purchased the property with his own funds devolved upon defendant the burden of proving the alleged gift by that character and quantum of evidence required to establish any other disputed fact upon which a judicial tribunal is authorized to act. Hartley v. Hartley, 279 Ill. 602, 117 N. E. 69; Walston v. Smith, supra. This means, of course, that the relations between the parties to the conveyance and their circumstances are to be considered in connection with other relevant and competent facts. The declarations of the real purchaser, either before or at the time of the purchase, may be received to show whether he intended it as an advancement or a trust; but declarations made by him after the purchase are incompetent to control the effect of the prior transaction. Such subsequent declarations may, however, be used by the grantee to show that it was a settlement and not a trust. And the subsequent declarations of the nominal grantee may be used against him, but not in his favor. The authorities in support of these several rules of evidence in such cases are stated in the notes to 1 Perry on Trusts (5th Ed.) § 147. In several instances the trial court departed from the rules of evidence thus indicated.

[14] The facts were tried by the court taking the testimony of the witnesses ore tenus. In such cases concession is always made to the better advantages had by the trial court in hearing the witnesses. In the present case witnesses were not allowed to answer questions, pro and con, which should have been allowed under the rules above stated and the record does not disclose what their answers would have been. Moreover, we think it is to be inferred that the court, in reaching its conclusion to dismiss appellant's bill, went upon the broad proposition that a trust of the character alleged could not be established by parol evidence, and so did not weigh and pass upon the merits of the questions involved. In order that the cause may be tried again with due regard for the rules laid down, the decree will be reversed, and the cause remanded for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

On Rehearing.

SAYRE, J. [15] It appeared in the evidence in this cause that decedent left a daughter who, along with decedent's widow, will, as for aught appearing, take his property. Now it is suggested that the daughter is a necessary party and the propriety of the suggestion must be conceded. Kelly v. Karsner, 72 Ala. 106; Prout v. Hoge, 57 Ala. 28. Complainant will need to correct this defect in her bill.

The judgment reversing and remanding the cause will be allowed to stand.

Application overruled.