(131 So. 633)

## MILES v. RHODES et al.

### 4 Div. 480.

Supreme Court of Alabama.

Dec. 18, 1930.

Owen & Carmichael and W. M. Brunson, all of Elba, and Wilkerson & Brannen, of Troy, for appellant.

P. B. Traweek, of Elba, for appellees.

**BOULDIN, J.**

The suit was begun by statutory ejectment. The defendant, claiming an equitable title, caused a removal of the cause to the equity docket, where it proceeded by bill setting up the alleged equitable title, the original plaintiffs being the respondents and cross-complainants in equity.

In 1900 the lands in suit, a tract of seventy-six acres, were conveyed by deed of R. P. Brooks to A. L. Rhode's on a recited cash consideration of $220. The grantee and his wife, Lizzie Rhodes, occupied the place as a homestead until the husband's death in 1908. Thereafter, Lizzie Rhodes, the widow, continued n the possession and occupancy until about 1924. She died in 1927, and in 1928 the heirs at law of A. L. Rhodes, his children of a former marriage, and their descendants, brought the suit in ejectment against A. L. Miles.

Lizzie Rhodes was again married to William Bullard, and in 1922 they executed a warranty deed purporting to pass the fee to R. C. Mitchell. Mr. Miles deraigns title through mesne conveyances from Mr. Mitchell, and was in possession at the time of Lizzie (Rhodes) Bullard's death, and at the time suit in ejectment was begun.

Mr. Miles, complainant in equity, seeks to set up and establish a resulting trust in the lands dating back to 1900.

The contention is that the purchase money paid for the lands when acquired from Brooks was the money of the wife; and the resulting trust in her favor inures to her grantee and his successors in title.

A resulting trust, a creature of equity, based on the presumption that he who furnishes the consideration for the purchase of lands intends the purchase for his own benefit, is subject to the statute of limitations of ten years (Code 1923, § 8943).

In cases of husband and wife, the possession, in the absence of averment and proof to the contrary, is referred to the legal title, and the statute may run as between them. Brackin .v. Newman, 121 Ala. 311, 26 So. 3; Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am. St. Rep. 81; Martin v. Kelly, 132 Ala. 201, 31 So. 476; Chambless v. Kennamer, 214 Ala. 293, 107 So. 908.

Whether the statute of limitations or the oft-applied doctrine of laches and stale demands should conclude complainant under the pleadings and proof, we need not decide.

"In order to ingraft a resulting trust on an absolute conveyance of lands the proof must be clear, full, satisfactory and convincing. If it is uncertain, doubtful, or unsatisfactory, relief cannot be granted." 2 Pomeroy Eq. § 1400; Lehman v. Lewis, 62 Ala. 129; Dooly v. Pinson, 145 Ala. 659, 39 So. 664.

A careful study of the evidence leads us to the conclusion that this burden has not been met.

Without question Lizzie Rhodes had knowledge that the title was taken in the name of the husband some years before his death. No living witness to the original transaction survives. The only direct evidence that Lizzie Rhodes's money paid for the land relates to a part payment of $80 which the witness says she handed her husband to pay on the land some time after the purchase. This is insufficient to create a resulting trust.

It must arise at the time title passes. The basic principle upon which the trust arises is investment of the funds of one in the purchase of land, title being taken in the name of another.

If no money was so invested at the time of the purchase, when title taken, a subsequent contribution as part payment does not create a resulting trust.

An equitable lien by way of conventional subrogation to the lien of the vendor rests upon a different basis. Guin v. Guin, 196 Ala. 221, 72 So. 74; McKleroy v. Musgrove, 203 Ala. 603, 84 So. 280; Cunningham v. Wakefield, 217 Ala. 374, 115 So. 877.

Substantially all the evidence relied upon by complainant consists of parol declarations

of the husband, or of the wife acquiesced in by him. They hark back over a period of twenty to twenty-five years. In most cases, the witnesses depose to hearing them casually with no special occasion to treasure them up in memory. Such testimony, especially when brought forward after a very long period of time, is to be received with caution. Rodgers v. Burt, 157 Ala. 91, 47 So. 226; Heflin v. Heflin, 216 Ala. 519, 113 So. 535.

The deed to A. L. Rhodes left in the custody of his widow was put to record in 1911, some years after the husband's death. In 1912 a petition was filed by his widow in the probate court setting up the ownership in the deceased husband, and seeking to have it set apart as a homestead. This proceeding was not prosecuted to decree. Some evidence is adduced that she did not personally sign or make oath to the petition as it purports to show; but this same evidence shows it was drawn and verified in accordance with the information given by her.

Her own subsequent claims as to the original transaction not made in the presence of the heirs are not evidence against them. Neither are they prejudiced by any conveyances made by her undertaking to pass complete title.

Her possession under her homestead, quarantine, and dower rights was in no wise adverse to the heirs. They are not shown to have done aught in recognition of a continuing trust.

The security of titles to lands, as evidenced by the solemn documents which the law has ordained for that purpose cannot be disturbed, save upon strong proof as above declared, and long delay goes to the weight as well as admissibility of testimony of the class here presented.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.