35 So.2d 619

**YOUNG v. GREER.**

**6 Div. 711.**

Supreme Court of Alabama.

May 20, 1948.

Kingman C. Shelburne, of Birmingham, for appellant.

642

Parsons, Wheeler & Rose and Paul G. Parsons, all of Birmingham, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer to a bill in equity. The purpose of the bill is to establish a resulting trust in certain real estate situated in Jefferson County, Ala. The allegations of the bill show in substance the following.

In the early part of November, 1945, the respondent requested and invited the complainant to come to Birmingham, Alabama, to buy a home jointly with him. After looking at numerous pieces of property about November 10, 1945, complainant and respondent found a house for sale and on about November 12, 1945, they decided and .agreed to buy this particular piece of property jointly, share and share alike, at a price.of $6,000. "On or about towit November 13, 1945, the complainant delivered to the respondent the sum of $3,250.00 to cover complainant's one-half of the purchase price of said property and the closing expense in connection therewith." Complainant made a trip to Florida about towit November 15, 1945, and left the details of the closing of the trade with the respondent. On about towit February 25, 1946, the complainant returned and was advised by the respondent that the deal had been closed. On the advice of complainant they then agreed to make certain repairs and improvements on the property and for that purpose complainant delivered to respondent the sum of $1,012.50.

The respondent took title to the property in his own name through a deed from the owners dated December 1, 1945. Complainant and respondent moved into and took possession of the property in March, 1946, and occupied the property jointly for about six weeks when complainant learned that "his name had been excluded from the deed." The respondent has failed and refused on timely demand to convey to the complainant an undivided one-half interest in the property or to refund the $4,262.46 which complainant had invested in the property.

The demurrer attacks the bill on the grounds that (1) there is no allegation that the respondent employed the funds of the complainant in purchasing the real estate, (2) the allegations fail to show that the complainant had put his funds in the hands of the respondent at the time the deed was taken and (3) the agreement alleged in the bill is violative of the statute of frauds.

"It is well understood, that a resulting trust arises by operation of law, in favor of him who advances the purchase money for land, though the title be taken in the name of another; and when two or more persons together advance the price, and the title is taken in the name of the one of them, a trust will result in favor of the other, with respect to a share of the property, in proportion to the consideration advanced or paid by him." Sanders v. Steele, 124 Ala. 415, 26 So. 882, 885.

The trust arises from the payment of the purchase money and accordingly the funds of the cestui que trust must have been furnished at or before the time of the purchase. Lehman et al. v. Lewis, 62 Ala. 129; J. A. Owens & Co. v. Blanks, 225 Ala. 566, 144 So. 35. The statute of frauds is no obstacle to the establishment of a trust of this kind. Lehman v. Lewis, supra; Beadle v. Seat, 102 Ala. 532, 15 So. 243.

While it is necessary in order to establish a trust in favor of complainant that his money should enter into the purchase price of the property, this rule does not require that the complainant should have actually counted out and paid the money to the vendor. It is sufficient if he furnished respondent with the money to cover one-half of the purchase price at the time of or before the sale and the respondent then paid the purchase money. 65 C.J. p. 397.

We do not commend the use of the videlicet in pleading the time when the complainant delivered to the respondent one-half of the purchase price of the property, unless the allegation had also shown that this was before the property was purchased. Henry v. McNamara, 114 Ala. 107, 114, 22 So. 428. The pleading must show that the funds were furnished before the purchase was made. Lehman v. Lewis, supra. However, it seems to us that the narration of the sequence of events in the bill meets the requirements and fairly shows that complainant turned over his share of the purchase price to respondent before complainant left for Florida and before the deal was closed.

The court acted correctly in overruling the demurrer to the bill of complaint.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.