45 So.2d 22

**ADAMS et al. v. GRIFFIN et al.**

4 Div. 570.

Supreme Court of Alabama.

Dec. 22, 1949.

Rehearing Granted March 9, 1950.

E. C. Orme and J. G. Clower, of Troy, for appellants.

John C. Walters, of Troy, for appellees.

LAWSON, Justice.

This is a bill by the administrator and heirs at law of H. P. Griffin, deceased, to establish a resulting trust in favor of the estate of the said H. P. Griffin in real property situate in Pike County. At the hearing on pleadings and evidence, a decree was entered for complainants. The respondents appeal.

It was undisputed that appellees' intestate, H. P. Griffin, furnished to the appellants, Lloyd Adams and wife, Estelle Adams, the sum of $1,500 for the purpose of purchasing approximately fifty acres of land from Frank Wilson. It is also undisputed that appellants used the said sum of $1,500 for the purpose for which it was furnished and took title to the land in their own names.

The rule is well established that where one buys land in the name of another and pays the consideration money, generally the grantee will be regarded as holding the land in trust for the person who paid the consideration. Lauderdale v. Peace Baptist Church, 246 Ala. 178, 19 So.2d 538; Montgomery v. McNutt, 214 Ala. 692, 108 So. 752. This rule does not require that the person who furnishes the money must actually pay it over to the grantor. The rule arises if he furnishes the money to the grantee at the time of or before the sale, and the grantee pays the money over to the grantor and takes title in his own name. Young v. Greer, 250 Ala. 641, 35 So.2d 619; Marshall v. Marshall, 243 Ala. 169, 8 So.2d 843; Lehman et al. v. Lewis, 62 Ala. 129; Bibb v. Hunter, 79 Ala. 351; Taliaferro v. Heirs of Taliaferro, 6 Ala. 404.

But this is only a rule of presumption, which may be rebutted or overcome. Lauderdale v. Peace Baptist Church, supra. This presumption does not arise where the one who furnishes the consideration money is the father or husband of the grantee. In such cases the presumption is that the consideration money was a gift to the grantee. Marshall v. Marshall, supra; Montgomery v. McNutt, supra.

There is no such relationship in this case. Appellees' intestate and the appellants were not related by blood or marriage. Hence, under the undisputed facts of this case, the presumption does arise that the purchase of the lands here involved was for the benefit of appellees' intestate. The rule here involved has its foundation in the natural presumption that he who supplies the purchase money intends the purchase to be for his own benefit and not for another. Lauderdale v. Peace Baptist Church, supra. Appellants sought to overcome the presumption by evidence going to show that the purchase money was given to them for the purpose for which it was used. The aforementioned presumption having arisen, the burden was upon the grantees in the deed, the respondents below and appellants here, of establishing by clear and convincing evidence that the purchase money was given to them by appellees' intestate. Bowline v. Cox, 248 Ala. 55, 27 So.2d 574. In Montgomery v. McNutt, supra, it was said: " * * * the undisputed fact that intestate purchased the property with his own funds devolved upon ·defendant the burden of proving the alleged gift by that character and quantum of evidence required to establish any other disputed fact upon which a judicial tribunal is authorized to act. Hartley v. Hartley, 279 Ill. [593], 602, 117 N.E. 69; Walston v. Smith, supra [70 Vt. [19], 25, 39 A. [252], 253]. This means, of course, that the relationship between the parties to the conveyance and their circumstances are to be considered in connection with other relevant and competent facts. * * *" 214 Ala. 695, 108 So. 754.

The evidence was not taken ore tenus before the court, but it appears to have been taken before the register, so none of the witnesses were seen and heard by the trial court. The review here, therefore, of the conclusion of the trial court on the facts is without any presumption in favor of the finding of fact by the trial court. Armstrong v. Armstrong, 217

Ala. 581, 117 So. 195; § 17, Title 13, Code 1940.

The evidence for the respondents consisted of the testimony of several witnesses who stated that they had heard the complainants' intestate make the statement that he had given the money to the respondents, and the evidence of the respondent Adams himself to like effect. Under the decision in the case of Warner v. Warner, 248 Ala. 556, 28 So.2d 701, we have considered the testimony of the respondent Lloyd Adams as to conversations and transactions which he had with the deceased, inasmuch as no specific objection as to his incompetency to testify to such matters was interposed.

We have given careful consideration to the testimony offered by respondents for the purpose of showing that the money used in the purchase of the property was given to them by complainants' intestate. In our opinion it falls short of demonstrating clearly and convincingly that the money was given to them. We do not think that respondents have by clear and convincing evidence overcome the presumption that Mr. H. P. Griffin, complainants' intestate, supplied the purchase money for his own benefit. As to the testimony of Lloyd Adams, there was evidence offered by the complainants in rebuttal which shows statements made by Adams which are directly opposed to his evidence in this case that the purchase money was given to him and his wife. None of the witnesses who testified that they heard Mr. Griffin, the complainants' intestate, say that he had given the purchase money to the Adams, was shown to have been in any wise closely connected with Mr. Griffin and in all instances the circumstances under which such statements are alleged to have been made create doubt in our minds as to the correctness of this line of testimony.

■ We are of the opinion that under the evidence in this case the complainants were entitled to a decree in their favor divesting the legal title to the suit property out of respondents and investing it into complainants.

As shown above, there was a decree in favor of the complainants, but it did not divest the legal title out of respondents and invest it in the complainants. The effect of the decree was to declare that complainants have a lien on the property and to order the respondents to pay to complainants the amount of money furnished by Mr. H. P. Griffin for the purchase of the property, together with interest, and in default thereof for sale in satisfaction of the lien.

■ We do not think that such a decree is proper in a case such as this, where the proceeding is instituted by the person who furnished the purchase money, or those who stand in his shoes, against those who used the money to make the purchase and who took title in their own name and who still have the legal title. In such instances a resulting trust has its origin solely in the fact that the purchase money of land is paid or advanced by one person at the time of purchase and the title is taken in the name of another. It is founded on the presumption that he who pays the purchase money intends to become the *owner of the land,* and, therefore, presupposes the authorized use of the money of him who asserts the trust and is implied independent of any fraud or of any fiduciary relation between the person who pays the money and him in whose name the title is taken. Haney v. Legg et al., 129 Ala. 619, 30 So. 34, 87 Am.St.Rep. 81.

■ However, where the relation of trustee and cestui que trust was in existence at the time the trustee used funds belonging to the cestui with which to purchase land and took title in his own name, without the express consent of the cestui, then the cestui may claim the property itself or charge the property with payment of the money. Tilford v. Torrey, 53 Ala. 120, 122; Nettles v. Nettles, 67 Ala. 599.

We do not think that what was said in this connection in Thornton v. Rodgers, 251 Ala. 553, 38 So.2d 479, is in conflict with what we have said above. In that case it appears the husband was in effect the trustee of his wife at the time he used

her money to purchase property, the title to which he took in his own name. Although the wife expressly gave her consent to the investment of her money by the husband, it does not affirmatively appear that she authorized him to take title to the property in his name.

In the original opinion in this case we declined to determine the question of whether or not under the evidence the complainants were entitled to the relief prayed for, in view of the fact that we thought the failure of the trial court to render a proper decree necessitated a reversal. We entered a judgment reversing the decree and remanded the cause for further proceedings.

Upon further consideration on rehearing, as shown above, we have considered the evidence and have concluded that the complainants were entitled to relief. We have further concluded on application for rehearing that the failure of the trial court to enter what we think to be a proper decree in a case of this kind does not require a reversal of the cause. The decree of the trial court will be here modified so as to divest the legal title out of the respondents and invest it in the complainants.

The rehearing is granted, the original opinion is withdrawn, the reversal is set aside, and the decree of the circuit court is modified and, as modified, it is affirmed.

Affirmed.

FOSTER, LIVINGSTON, SIMPSON and STAKELY, JJ., concur.