65 So.2d 501

### SMITH v. HART.
6 Div. 300.

Supreme Court of Alabama.
May 14, 1953.

Chas. E. Fant, Birmingham, for appellant.

Jos. C. Barnard, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

Respondent, Joe Wheeler Smith, has taken this appeal from a decree of the circuit court, in equity, overruling his demurrer to a bill in equity.

There are three propositions insisted on by appellant: (1) the bill does not offer to do equity, (2) laches, and (3) that fraud is not sufficiently alleged.

The bill seeks to have the benefit of a conveyance to the extent that it conveys to this appellant an undivided half interest in certain described real estate. The

deed was executed by respondents W. B. Sparks and wife to complainant and Joe Wheeler Smith, the son of complainant, and provided that on the death of either, the land is to vest in the survivor.

The bill alleges that complainant, Maggie Hart, entered into a written contract with Sparks and wife for the purchase of the property; that she gave to her son, Joe Wheeler Smith, the amount of the purchase price, to wit, $6,050, remaining unpaid, "and authorized the said respondent, Joe Wheeler Smith, to represent her in the closing and handling of the transaction"; that at the request of said Joe Wheeler Smith, Sparks and wife executed the deed mentioned above, dated October 10, 1945, which he had recorded on October 11, 1945; that she was physically infirm and unable to transact business; that she had implicit trust and confidence in her son, and intrusted to him the handling of the transaction as her agent; that she did not authorize him to have the deed executed as it was with him as grantee of a half interest, and with the other half vesting in him at her death, or to him at all; that the deed has been in possession of her said son, and that she has never agreed to or accepted said deed as executed; that upon learning of it, she made demand upon her said son to execute to her a deed conveying to her the entire fee in said land; and that although he promised to do so, he now refuses to perform; that she paid all the consideration, that her said son paid none of it; and that she has other children who are by said deed cut off from any right of complainant to leave them an interest in the property.

The prayer is not specific that a resulting trust is sought to be enforced, but it is broad enough to obtain that relief. That is the nature of relief which the facts alleged support.

It is a familiar rule in the law of trusts that when an agent uses the money of his principal to pay for property purchased by the principal, and instead of having the deed made to the principal, as instructed, has it made to himself, a resulting trust arises by implication of law. It is not dependent upon contract, but parol evidence is admissible to establish the facts on which it must stand. Upchurch v. Goodroe, 242 Ala. 395(5), 6 So.2d 869; Gandy v. Hagler, 245 Ala. 167, 16 So.2d 305; Leonard v. Duncan, 245 Ala. 320, 16 So.2d 879; Young v. Greer, 250 Ala. 641, 35 So.2d 619; Adams v. Griffin, 253 Ala. 371, 45 So.2d 22.

When a parent makes a purchase, furnishes the consideration and has title taken in the name of the child, the prima facie presumption is that a gift or advancement was intended. Montgomery v. McNutt, 214 Ala. 692, 108 So. 752; Adams v. Griffin, supra. But when such is the fact, parol evidence is admissible to show that the intention was not to make a gift or advancement. Montgomery v. McNutt, supra; Hooks v. Hooks,[1] 63 So.2d 348. Fraud is not a necessary element and, therefore, need not be alleged. 65 Corpus Juris 371, Section 144.

The bill does not show that complainant is under duty to perform any act as a condition to relief, or otherwise in good conscience, due to be rendered to respondent, Joe Wheeler Smith. It is not, therefore, subject to demurrer for not offering to do equity. Head v. Carroll, 230 Ala. 688, 163 So. 328; Davis v. Anderson, 218 Ala. 557, 119 So. 670.

It is true that a bill in equity may be subject to demurrer if it shows on its face that it is subject to the claim of laches or limitations. But this must affirmatively appear from the bill. Their elements are well understood. Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779; Ammons v. Ammons, 253 Ala. 82, 42 So.2d 776; Ussery v. Darrow, 238 Ala. 67, 188 So. 885.

The bill does not show laches, nor that it is barred by limitations. It is essentially for the establishment of title in complaint and to divest title out of respondent. If the respondent is in possession of the land, a fact not alleged in the bill, it would be in the nature of an equitable ejectment for the recovery of the land as in a bill to set aside a deed procured by

1. 258 Ala.Sup. 427.

fraud, as to which the limitation is ten years. Title 7, section 20, Code; Miles v. Rhodes, 222 Ala. 208, 131 So. 633; Powell v. Wilson, 219 Ala. 645, 123 So. 38; Ammons v. Ammons, supra; Rowe v. Bonneau-Jeter Hdw. Co., 245 Ala. 326, 16 So. 2d 689, 158 A.L.R. 1266.

We have responded to appellant's contentions and find nothing in them to require a reversal of the decree.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.