82 So.2d 212

M. Douglas HENSLEE et al.

v.

Grace MERRITT et al.

6 Div. 493.

Supreme Court of Alabama.

Aug. 18, 1955.

John H. Chapman and A. L. Sapp, Cullman, for appellants.

Finis E. St. John and H. A. Entrekin, Cullman, for appellees.

GOODWYN, Justice.

This is an appeal from a final decree of the circuit court of Cullman County, in equity, establishing a resulting trust in forty acres of farm land in favor of the appellee, Lola Henslee.

The appellants are devisees under the will of J. C. Henslee, who died in Cullman County on February 29, 1949. They filed a bill to have the land sold for division among the devisees, subject to the provisions of the will.

Lola Henslee, the testator's widow and also a devisee under the will, elected to dissent from the will. She was made a respondent to the bill filed by appellants. She answered the bill, making her answer a cross-bill, therein denying that the land was subject in any way to the administration of the estate of J. C. Henslee, and alleging equitable ownership in herself by virtue of having furnished from her own separate estate the money used in purchasing the land, and praying that the court enter a decree establishing in her favor a resulting trust in the land.

Appellants, in answer to the cross-bill, deny that Lola Henslee paid any part of the purchase price, and allege in the alternative that if she did furnish the purchase money she did so as a gift or loan to J. C. Henslee, with no expectation of repayment. They further allege that if Lola ever had any right to have a resulting trust declared in her favor, such right is barred by the statute of limitations of ten years, adverse possession, and laches.

As argued here, the questions for decision are:

I. Whether appellee, Lola Henslee is, barred from having a resulting trust decreed in her favor by the statute of limitations of ten years, Code 1940, Tit. 7, § 20.

II. Whether the decree establishing a resulting trust in the land in favor of appellee, Lola Henslee, is supported by competent evidence.

None of the evidence was taken orally before the trial judge. Accordingly, on review here there is no presumption in favor of his findings from the evidence. We must sit in judgment on the evidence. Redwine v. Jackson, 254 Ala. 564, 569, 49 So.2d 115; Butler v. Guaranty Savings & Loan Ass'n, 251 Ala. 449, 450, 37 So.2d 638. In doing so we have not considered evidence thought to be violative of what is commonly referred to as the "dead man's statute", Code 1940, Tit. 7, § 433.

I.

Code 1940, Tit. 7, § 18, provides as follows:

"All other civil actions, in law or equity, must be commenced after the cause of action has *accrued* within the period prescribed in this chapter and not afterwards, unless otherwise specifically provided for in this Code." [Emphasis supplied.]

Code 1940, Tit. 7, § 20, supra, provides, in pertinent part, the following limitation:

"The following must be commenced within ten years:

\* \* \* \* \* \*

"Actions for the recovery of lands, tenements, or hereditaments, or the possession thereof, except as herein otherwise provided. \* \* \*"

This court has held that in a suit to have a resulting trust declared "the statute of limitations is ten years as in the nature of a suit for the recovery of land since land is the subject matter of the suit." Knowles v. Canant, 255 Ala. 331, 334, 51 So.2d 355, 358; Barnett v. Waddell, 248 Ala. 189, 195, 27 So.2d 1; Woods v. Sanders, 247 Ala. 492, 495, 25 So.2d 141; Miles v. Rhodes, 222 Ala. 208, 209, 131 So. 633. Cf. Smith v. Hart, 259 Ala. 7, 9, 10, 65 So.2d 501; Van Ingin v. Duffin, 158 Ala. 318, 321, 48 So. 507, 132 Am.St.Rep. 29.

A cause of action *accrues* " 'as soon as the party in whose favor it arises is entitled to begin and prosecute an action thereon' ". Esslinger v. Spragins, 236 Ala. 508, 513, 183 So. 401, 405; Van Ingin v Duffin, supra; 1 Am.Jur., Actions § 60, P. 451.

The following general rule pertaining to the running of the statute of limitations against a resulting trust was approved by this court in Haney v. Legg, 129 Ala. 619, 627, 30 So. 34, 36, 87 Am.St.Rep. 81:

"* * * 'When a trust is imposed by law, as in the case of a resulting trust, the statute begins to run in favor of the holder of the legal title against the equitable owner at the time of the conveyance, if there is no recognition of the *cestui's* rights; if his rights are recognized, then at the time when the holder of the legal title begins to hold adversely.'"

■ Ordinarily, without more, the fact that the husband had the land conveyed to himself would constitute such a repudiation of his trust relation to his wife that he would, from that time be regarded as holding adversely to her. Thornton v. Rodgers, 251 Ala. 553, 557, 38 So.2d 479; Brackin v. Newman, 121 Ala. 311, 313, 26 So. 3. And the statute of limitations would begin to run from such repudiation of the trust. Thornton v. Rodgers, supra; Chambless v. Kennamer, 214 Ala. 293, 294, 107 So. 908; Haney v. Legg, supra; Brackin v. Newman, supra. See, also, Miles v. Rhodes, 222 Ala. 208, 209, 131 So. 633; Martin v. Kelly, 132 Ala. 201, 203–204, 31 So. 476.

■ Where, however, there is a recognition by the trustee of the cestui's rights, lapse of time can constitute no bar to relief. Cash v. Cash, 258 Ala. 364, 366, 63 So.2d 27; Thornton v. Rodgers, supra; Haney v. Legg, supra; South v. Pinion, 207 Ala. 122, 124, 92 So. 420. And it is held that each new recognition of the trust by the trustee affords a new beginning for the running of the statutory period. Jacksonville Public Service Corporation v. Profile Cotton Mills, 236 Ala. 4, 7, 180 So. 583; Bromberg v. First Nat. Bank of Mobile, 235 Ala. 226, 231, 178 So. 48; Snodgrass v. Snodgrass, 176 Ala. 282, 287, 58 So. 199; Whetstone v. Whetstone's Ex'rs, 75 Ala. 495, 502.

■ This brings us to the question whether there was a recognition by the trustee, J. C. Henslee, of the rights of the cestui, Lola Henslee, so as to avoid the running of the statutory period of ten years.

The forty-acre tract of land was purchased from the Georgia Loan & Trust Company in the name of J. C. Henslee in May or June, 1935. It appears that this fact became known to the appellee at that time or very shortly thereafter. A road runs between the forty acres and the farm occupied by J. C. and Lola, and the two properties are not of the same tract of land. The forty acre tract was assessed for taxes in the name of J. C. Henslee during his lifetime. In 1932, J. C. and Lola both signed a timber deed selling the timber on the forty acres to a lumber company. Payment was made by check to J. C. Henslee and Lola testified that J. C. did not give her any of the money. The land was rented by Henslee to various tenants from the time of purchase until his death and the testimony is undisputed that the rentals were paid to J. C. and not to Lola. It is without dispute that J. C. still had the legal title to the forty acres at the time of his death.

If the statute began to run against Lola at the time of execution of the deed to J. C. in 1935, as we think it did, her right to a resulting trust was barred 10 years thereafter, that is, in 1945, unless there was an intervening recognition of her rights by J. C. As we view the evidence, we think it is sufficient to support a finding of such recognition.

L. E. Reeves, a witness for complainants, testified that in 1939 or 1940 J. C. told him that "he borrowed the money from his wife to buy the back forty." This witness further testified as follows: "He was trying to sell me the place. He said he owed Mrs. Henslee the money and wanted to sell me the place to pay her back." It seems to us that this was a clear recognition by the trustee that the cestui's funds were used for the purchase of the property and, in effect, a recognition of the existence of the trust, thus ending, before the running of the statutory period, J. C.'s adverse holding

against Lola. Thus, the running of the 10 year statutory period commenced anew as of that time. And, unless there was another recognition within the new period, the running of the statute would have been complete in 1949 or 1950.

W. F. Blankenship, a witness for appellee, Lola Henslee, testified that he was "making a crop on the place" in 1945 and 1946 and that J. C. Henslee told him in 1946 that "his wife, Mrs. Lola Henslee, furnished him the money to get that forty." In our opinion, this was a new recognition of the trust by J. C. before the running of the new statutory period, thus affording still another new beginning for the running of the statute. Since this recognition was in 1946 the bar of the statute will not be operative against Lola until 1956. Obviously, her cross-bill was filed well within the statutory period.

## II.

"* * * It is settled that a resulting trust will be decreed in favor of the wife where the husband invests her money in real and personal property and takes title in his own name. * * * Furthermore where the wife pays for the property and the title is taken in the name of the husband, there is no presumption of a gift. Marshall v. Marshall, 243 Ala. 169, 8 So.2d 843; Adams v. Griffin, 253 Ala. 371, 45 So.2d 22." Wilson v. Wilson, 257 Ala. 135, 137, 57 So.2d 519, 520.

The right to a resulting trust "is founded on the presumption that he who pays the purchase money intends to become the owner of the land, and therefore presupposes the authorized use of the money of him who asserts the trust, and is implied independent of any fraud or of any fiduciary relation between the person who pays the money and him in whose name the title is taken, although the mere existence of such relation will not prevent the implication of such a trust. * * *" Haney v. Legg, 129 Ala. 619, 624, 30 So. 34, 35, 87 Am.St.Rep. 81.

Also applicable here is the following from Sims v. Sims, 259 Ala. 296, 297, 66 So.2d 445:

"The result is that the appellant seeks to engraft a resulting trust upon a conveyance absolute in its terms. Our cases make it abundantly clear and with good reason that when this result is sought there is a presumption that the conveyance speaks the whole truth and must prevail until the contrary is established beyond reasonable controversy. Banks v. Banks, 253 Ala. 252, 44 So.2d 10. There is no doubt that in cases of the character now under consideration the evidence offered by the complainant must be clear, strong, unequivocal and unmistakable and if proof of the fact of payment is doubtful, uncertain or unsatisfactory relief will be denied. Holt v. Johnson, 166 Ala. 358, 52 So. 323; Rodgers v. Thornton, 254 Ala. 66, 46 So.2d 809; Merchants Nat. Bank of Mobile v. Bertolla, 245 Ala. 662, 18 So.2d 378; Hooks v. Hooks, 258 Ala. Sup. 427, 63 So.2d 348."

The principal witness for appellee, Lola Henslee, in establishing the fact that it was her money which was paid in purchase of the land was Asa B. Fuller. However, appellant insists that Fuller's testimony should not be considered because it was not included in Lola Henslee's note of testimony in this case. Rule 57, as amended, Alabama Equity Rules, Code 1940, Tit. 7, Cumulative Pocket Part, Appendix. But it was included in the note of testimony in the companion case No. 4664. It seems clear to us that the parties and the trial court treated the instant case (No. 4773) and case No. 4664, for all practical purposes, as if consolidated, although a separate decree was rendered in each case. In view of the unusual circumstances we are unwilling to say that the trial court erred in considering Fuller's testimony. Certainly, the purpose of the rule has been served since the decree affirmatively shows that the chancellor considered Fuller's

testimony. As stated in Turner v. Turner, 193 Ala. 424, 431–432, 69 So. 503, 506:

"* * * It [the rule, supra] serves the purpose * * * of bringing to the chancellor's attention the evidence upon which the parties rely, and upon appeal to give this court indubitable information as to the evidence taken into consideration by the chancellor in arriving at the conclusion stated in his decree. * * *"

Fuller's testimony was to the effect that he was the agent of the grantor, Georgia Loan & Trust Company, in the transaction which resulted in the conveyance of the forty acres in 1935; that he was paid as earnest money the sum of $100 by J. C. Henslee who told him that the money was furnished by Lola Henslee; that he first tendered the deed to Henslee who told him that his wife, Lola, was furnishing the purchase money and wanted to pay him herself; that he then went to the Henslee home, tendered the deed to appellee, Lola Henslee, and received from her $600, the remainder of the purchase price.

■ There is also evidence of declarations of J. C. Henslee with respect to use of Lola's separate funds for purchase of the land. As stated in Lehman v. Lewis, 62 Ala. 129, 134:

"The verbal declarations or admissions of the grantee, in whom the legal estate resides, are admissible as evidence against him, and all claiming under him otherwise than as *bona fide* purchasers for value. * * *"

Although such evidence is to be received with caution, Miles v. Rhodes, 222 Ala. 208, 210, 131 So. 633; Heflin v. Heflin, 216 Ala. 519, 521, 113 So. 535; Lehman v. Lewis, supra, it nevertheless is competent and seems to support and strengthen the testimony of Fuller. We have already noted the testimony of W. F. Blankenship and L. E. Reeves. In addition, George O. Johnson, a real-estate agent, testified that Lola and J. C. listed the land for sale "two, three or four years ago", and that Lola claimed the land as her own in his and J. C.'s presence, and that the latter did not deny her claim.

■ It is our opinion that the evidence clearly supports the finding of the court below that the money used to purchase the suit property was furnished by appellee, Lola Henslee. This state of the evidence affords a presumption of a resulting trust in favor of the wife, and she may either charge the property with the payment of the money or claim the property itself. Thornton v. Rodgers, 251 Ala. 553, 556, 38 So.2d 479, supra; Mandelcorn v. Mandelcorn, 228 Ala. 590, 593, 154 So. 909, 93 A.L.R. 322. This presumption having arisen, the burden was on appellants, claiming under the will of J. C. Henslee, of establishing by clear and convincing evidence that the purchase money was a gift to said J. C. Henslee from Lola Henslee. Adams v. Griffin, 253 Ala. 371, 373, 45 So. 2d 22, supra. This they failed to do. Nor do we find evidence justifying a conclusion that the purchase money was furnished by Lola as a loan to J. C.

The decree declaring a resulting trust in favor of appellee, Lola Henslee, is due to be affirmed. It is so ordered.

Affirmed.

LAWSON, SIMPSON, STAKELY, MERRILL and MAYFIELD, JJ., concur.