306

**Bernard Lee AKIN, Plaintiff,**

v.

**TIME, INC., a corporation, Defendant.**

**Civ. A. No. 65–757.**

United States District Court
N. D. Alabama, S. D.

Feb. 8, 1966.

Arthur J. Hanes, Birmingham, Ala., for plaintiff.

Leigh M. Clark and Joseph F. Johnston, Cabaniss, Johnston, Gardner & Clark, Birmingham, Ala., Chas. B. Arendall, Jr. and Thos. G. Greaves, Jr., Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., and Harold R. Medina, Jr., Cravath, Swaine & Moore, New York City, for defendant.

LYNNE, Chief Judge.

This case is one of five similar actions brought by residents of the State of

Mississippi alleging claims of libel by reason of an article which appeared in an issue of Life Magazine published by the defendant.[1]

These cases were heard and submitted together on February 4, 1966 on the motion for summary judgment and supporting affidavits filed by the defendant in each case on the ground that the actions are barred by the statute of limitations. Since the facts and the law are identical in each case for the purposes of the statute of limitations, this Opinion will be applicable to all of the cases.

The facts relevant to the motions for summary judgment and the disposition of these cases are established without dispute through the affidavits filed by the defendants and the records of this Court.

Briefly summarized, the facts are that the issue of Life Magazine on which each of the actions is based was furnished to the printer and distributed in Chicago on December 11, 1964, was placed on sale to the public in Chicago and in New York City on December 14, 1964, and was placed on sale to the public in Alabama and in Mississippi on December 15, 1964. The complaint in this case, as in each of these cases, was filed and the actions commenced on December 16, 1965.

Based upon the undisputed facts, it is the considered and firm opinion of the Court that each of these actions is barred by the one year statute of limitations provided by the law of Alabama for the commencement of actions of libel[2] and that the motions for summary judgment are accordingly due to be granted.

It is certainly the prevailing if not universal principle in our jurisprudence that there is one single publication of an alleged libel in an edition of a magazine, periodical, or newspaper and that the plaintiff has one cause of action

---

1. The cases are as follows: Bernard Lee Akin v. Time, Inc., No. 65–757; Earl B. Akin v. Time, Inc., No. 65–758; Tommy A. Horne v. Time, Inc., No. 65–759; James Thomas Harris v. Time, Inc., No. 65–760; Oliver R. Warner, Jr., v. Time, Inc., No. 65–761.

2. Section 26, Title 7, Code of Alabama 1940.

which commences upon such publication. This single publication rule has been adopted and followed by court after court throughout the country, and this body of law is well represented and illustrated by the application of the rule by two of the ablest of our contemporary Federal Judges.

In a case similar to the present ones, Chief Judge Levin held in Tocco v. Time, Inc., 195 F.Supp. 410 (E.D.Mich. 1961) that an action for alleged libel in an article of Life Magazine was barred by the statute of limitations and, in entering summary judgment dismissing the complaint, analyzed the applicable law as follows:

"An action for libel 'accrues' when the allegedly defamatory matter is 'published.' Ogden v. Association of United States Army, D.C. D.C.1959, 177 F.Supp. 498. The entire distribution of the allegedly libelous article may be viewed as one over-all 'publication,' resulting in a single cause of action, or the printing and sale of each copy could be considered a separate 'publication,' resulting in a multitude of causes of action, some of which are not barred by the one-year statute of limitations. The former concept, establishing a single cause of action, is known as the 'single publication' rule, the latter, the 'multiple publication' rule.

"Although sometimes designated the common law rule, the 'multiple publication' doctrine was first set forth in a civil libel case in Duke of Brunswick v. Harmer, 14 Q.B. 185, 117 Eng.Rep. 75 (1849). In that action, a single sale of a newspaper from the offices of the defendant to an agent of the plaintiff seventeen years subsequent to the date of issuance of the newspaper was held to be a 'publication,' thereby precluding the barring of the action under the prevailing six-year statute of limitations. No rationale was given for the holding, and, indeed, the only *raison d'etre* for the

rule, apart from historical reasons, is that it prevents a malicious publisher from printing a minimum number of copies of a defamatory matter to allow the statute of limitations to commence, withholding the bulk until the statute has run its course, and then continuing his calumnious activity with immunity. Winrod v. McFadden Publications, Inc., D.C.N.D.Ill.1945, 62 F.Supp. 249. This justification, which might be realistic only in the publication of books, allows the most remote and bizarre possibility to fashion an artificial and burdensome doctrine, for it is evident that, under modern conditions of mass production and nation-wide distribution of newspapers, periodicals, and books, the 'multiple publication' doctrine would, in effect, destroy the statute of limitations as a statute of repose."

Similarly, Judge Holtzoff, in holding in Ogden v. Ass'n of United States Army, 177 F.Supp. 498 (D.D.C.1959) that a libel action was barred by the statute of limitations, reviewed the authorities and concluded that:

"From the foregoing discussion the conclusion is inescapable that the modern American law of libel has adopted the so-called 'single publication' rule; and, therefore, this principle must be deemed a part of the common law of the District of Columbia. In other words, it is the prevailing American doctrine that the publication of a book, periodical, or newspaper containing defamatory matter gives rise to but one cause of action for libel, which accrues at the time of the original publication, and that the statute of limitations runs from that date. It is no longer the law that every sale or delivery of a copy of the publication creates a new cause of action.

"The American rule is supported not only by the great weight of authority, but is also far more suited to contemporary life. To permit a separate suit to be brought in regard

to the sale or delivery of every single copy of a modern publication would be inconceivable and intolerable."

The single publication rule was likewise long ago instilled in the law of Alabama by the decision in Age-Herald Publishing Co. v. Huddleston, 207 Ala. 40, 92 So. 193, 37 A.L.R. 898 (1921), and this rule has been considered, both generally as well as by this Court, as the law of Alabama.[3]

The only question which could have been cast upon the status of the single publication rule in Alabama would consist of the observations in New York Times v. Sullivan, 273 Ala. 656, 144 So.2d 25 (1962), reversed, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), to the effect that when a libel is distributed in Alabama, "a cause of action arises in Alabama, as well as in the State of the printing or publishing of the libel." But it is, at the outset, most doubtful that this statement was intended to or could properly be taken as having isolated Alabama from the prevailing doctrine of the single publication rule. The case was concerned with service of process, and the observation was in all probability dictum designed only to say that service of process under the "long-arm" statute [4] is not dependent upon a completed cause of action having arisen from the contacts of the non-resident defendant with the State.

However that may be, the result to be reached in these cases cannot be in the least affected, because whatever the status of the single publication rule in Alabama, these actions were, inescapably, not brought within the time required by the statute of limitations.

If the single publication rule is the law of Alabama, the actions are barred because not commenced within the period required from the time the issue was placed on public sale in Chicago and New York City on December 14, 1964.[5] And even assuming for purposes of analysis that Alabama might have isolated itself from the nationwide single publication rule, the actions would still be barred. For the facts are established and are not disputed by the plaintiffs that the issue in question was placed on sale to the public in the State of Alabama on December 15, 1964. It is equally without dispute that the plaintiffs were at that time entitled to commence and prosecute these actions for the alleged libel and that the causes of action accordingly accrued at that time at the latest. E. g., United States Steel Corp. v. McGehee, 262 Ala. 525, 80 So.2d 256 (1955); Esslinger v. Spragins, 236 Ala. 508, 183 So. 401 (1938); Henslee v. Merritt, 263 Ala. 266, 82 So.2d 212 (1955).

The facts therefore establish conclusively that under any view of the law, these actions, not having been commenced until more than one year later on December 16, 1965, are barred by the statute of limitations. No other result could conceivably be reached consistent with the facts and the law, and the Court is firm and clear in holding that the actions were not commenced within the time required by the statute and are to be dismissed.

---

3. E. g., Rives v. Atlanta Newspapers, Inc., 110 Ga.App. 184, 138 S.E.2d 100 (1964) ("Our sister States of Alabama * * * along with many others, have adopted the 'single publication rule' as the most fair and satisfactory method of insuring a just handling of libel suits against newspaper, magazine or book publishers.") Ogden v. Ass'n of United States Army, 177 F.Supp. 498 (D.D.C.1959) ("The same principle was adopted in Alabama in 1921 also in connection with a question of venue, Age-Herald Publishing Co. v. Huddleston, 207 Ala. 40, 45, 92 So. 193, 37 A.L.R. 898."); Prosser, Law of Torts, p. 788 (3rd Ed. 1964).

4. Section 199(1), Title 7, Code of Alabama 1940.

5. In the circumstances of these cases, there is no need to consider whether the statute might commence to run upon any date earlier than placing the issue on sale to the public.